**The STATE of Texas, Appellant,**

v.

**Luis GARZA, Appellee.**

**No. 04–91–00350–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 12, 1992.

Rehearing Denied Feb. 12, 1992.

Richard C. Terrell, Dist. Atty., Alice, Tex., for appellant.

Michael Guerra, Alice, for appellee.

Before REEVES, C.J., and BUTTS and GARCIA, JJ.

## ON APPELLEE'S MOTION FOR REHEARING

GARCIA, Justice.

The opinion of this Court dated January 8, 1992, is withdrawn, and the following opinion is substituted therefor.

Appellant, the State of Texas, appeals from a criminal case relating to the sentence imposed on appellee, Luis Garza. A Jim Wells County grand jury indicted appellee for possession of heroin. The indictment contained two enhancement paragraphs. A jury found appellee guilty of the offense charged. Appellee elected to have his punishment set by the trial judge. At the punishment phase of the trial, appellee pleaded true to both enhancement paragraphs of the indictment, and the trial court found them to be true. The trial court ordered a pre-sentence investigation. At the sentencing hearing, the trial court sentenced appellee to a ten-year prison sentence; however, the court suspended the sentence, placing appellee on probation for ten years. About a month later, after the State filed its notice of appeal, but before the record was received by the appellate court, the trial court entered a corrected judgment, wherein the trial court deleted the reference to the enhancement paragraphs from the original judgment. On appeal, the State contends that the trial court committed error in assessing appellee's punishment at ten years probation, a sentence which is less than the minimum provided by law. We agree. We reverse and remand the cause for a new punishment hearing.

First, we address whether the trial court could properly enter the corrected judgment. Clearly, the trial court can correct a judgment which contains clerical errors. The trial court has authority to correct mistakes or errors in a judgment. *See* TEX.R.APP.P. 36, formerly TEX.CODE CRIM. PROC. art. 42.06. The court may enter a nunc pro tunc order.

The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time. *Ex parte Dopps*, 723 S.W.2d 669 (Tex.Crim. App.1986); *Alvarez v. State*, 605 S.W.2d 615 (Tex.Crim.App.1980). A judgment may be reformed so as to show the offense of which the accused was found guilty by a court an jury. *Hughes v. State*, 493 S.W.2d 166, 170 (Tex.Crim. App.1973). A nunc pro tunc order may correct clerical errors in a judgment, but not judicial omissions. *Ex parte Dopps, supra; Alvarez v. State, supra.* A clerical error is one which does not result from judicial reasoning or determination. *Alvarez, supra.* Finally, the classification of an error as clerical or judicial is a question of law. *Id.*

*Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim.App.1988). Clearly, in the instant case, the trial court's entry of a corrected judgment deleting the two enhancement paragraphs from the original judgment was more than correcting a clerical error. The trial court has authority to correct mistakes or errors in a judgment. *See* TEX.R.APP.P. 36, formerly TEX.CODE OF CRIM.PROC. art. 42.06. We find no basis in the law to permit a trial court to delete a substantive portion of the judgment into a corrected judgment.

The Latin phrase, "Nunc Pro Tunc," literally means "Now for then." It merely describes the inherent power that a court has to make its records speak the truth, i.e., to correct now what the record actually reflects had occurred at some

time in the past. 964 *Black's Law Dictionary* (5th Edition).

.    .    .    .    .

Thus, before a judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was therefore actually rendered or pronounced at an earlier time. 25 *Tex.Jur.3d* Sec. 3641....
*Wilson v. State,* 677 S.W.2d 518, 521 (Tex. Crim.App.1984). In our case, the court made an oral pronouncement that it found the enhancement paragraphs of the indictment to be "true." The corrected judgment omits the findings of the earlier proceeding, and thus cannot form a proper basis for a nunc pro tunc judgment. Therefore, the corrected judgment was void.

■ Our inquiry, review, and decision is based on whether the trial court could have imposed a ten-year probated sentence after a jury found appellee guilty of a second degree felony and appellee admitted to two previous felony convictions in open court. The appellate record shows that the trial court found the enhancements to be true. It is the State's position that once appellee was found guilty of the current offense and admitted to the other offenses contained in the indictment, appellee was subject to the provisions of section 12.42(d) of the Texas Penal Code, which provides the following:

> If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction *he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years.*

TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1991) (emphasis added).

■ In our case, the trial court was obligated to follow the provisions of section 12.42(d) Texas Penal Code. "In fact, if an indictment contains two enhancement allegations and the accused pleads 'true' to the allegations concerning the prior convictions, the punishment is absolutely fixed by law at life imprisonment." *Harvey v. State,* 611 S.W.2d 108, 111 (Tex.Crim.App.), *cert. denied,* 454 U.S. 840, 102 S.Ct. 149, 70 L.Ed.2d 123 (1981). At the time of the *Harvey* decision, section 12.42(d) provided for life imprisonment. The legislature amended section 12.42(d) to allow the trial courts some discretion and flexibility. According to the amended law, appellee is considered a habitual felony offender, and the trial court's range of punishment is fixed by law. Once the accused was found guilty and admitted his previous felony convictions, even if a jury had been selected to assess punishment, the trial court could have dismissed the jury and assessed punishment in compliance with section 12.42(d).

■ On appeal, appellee contends that the court had the discretion to assess appellee a ten-year probated sentence notwithstanding appellee's guilty verdict on the heroin charge and the two previous felony convictions. Appellee contends the trial court has authority to ignore section 12.42(d) and impose a probation sentence. Appellee relies on the following language from article 42.12, section 1 of the Code of Criminal Procedure:

> It is the purpose of this Article to place wholly within the State courts of appropriate jurisdiction the responsibility for determining when the imposition of sentence in certain cases shall be suspended, the conditions of probation, and the supervision of probationers, in consonance with the powers assigned to the judicial branch of this government by the Constitution of Texas. It is the purpose of this Article to remove from existing statutes the limitations, other than questions of constitutionality, that have acted as barriers to effective systems of probations in the public interest.

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 1 (Vernon Supp.1991).

However, section 3 of article 42.12 of the same code provides:

Court Ordered Probation. *The judges of the courts* of the State of Texas having original jurisdiction of criminal actions, *when it shall appear to the satisfaction of the court* that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, *shall have the power, after conviction or a plea of guilty or nolo contendere for any crime or offense, where the maximum punishment assessed against the defendant does not exceed ten years imprisonment,* to suspend the imposition of the sentence and may place the defendant on probation or impose a fine applicable to the offense committed and also place the defendant on probation as hereinafter provided.

TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3 (Vernon Supp.1991) (emphasis added).

Appellee contends the trial court could have absolute and unrestrained discretion to assess a probationary term when the sentence is ten years or less, regardless of the defendant's past criminal history. We find no basis in law to support such a position. Appellee advances several arguments in support of his position.

Appellee relies on two commentaries written by former Court of Criminal Appeals jurists. Portions of these commentaries suggest that the trial court could impose a probationary term regardless of the defendant's past felonious conduct and record. These commentaries state the following:

Further note should be taken of the fact that a defendant who receives probation at the hands of the jury must be one who has not theretofore been convicted of a felony. No such limitation is placed upon the defendant who elects to have his punishment fixed by the Court, Sec. 3c....

TEX.CODE CRIM.PROC.ANN. art. 42.12 interpretive commentary (Vernon 1979).

Juries as well as judges will not be allowed to grant probation. Judges alone, however, will have the authority to grant probation regardless of a prior conviction of the defendant, or failure of the jury to recommend probation.

TEX.CODE CRIM.PROC.ANN. art. 42.12 special commentary (Vernon 1979). Although these commentaries were written by well-respected jurists, they do not supersede the law as written by the legislature. Appellee contends that the enumerated offenses and affirmative findings related to the defendant's use of a deadly weapon as provided in article 42.12, section 3g prohibits the trial court from assessing any probationary sentence. Section 3g of article 12.42 provides the following:

Limitation on Court Ordered Probation.

(a) The provisions of Sections 3 of this article do not apply:

(1) to a defendant adjudged guilty of an offense defined by the following sections of the Penal Code:

(A) Section 19.03 (Capital murder);

(B) Section 20.04 (Aggravated kidnapping;

(C) Section 22.021 (Aggravated sexual assault);

(D) Section 29.03 (Aggravated robbery); or

(2) to a defendant when it is shown that the defendant used or exhibited a deadly weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of a felony offense or during immediate flight therefrom.

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3g (Vernon Supp.1991).

We note that this section refers to particular and specific offenses which the legislature has deemed inappropriate for probation. Further, we note that section 12.42 of the Texas Penal Code refers not to a class of offenses, but to a class of offenders, who are repeater or habitual offenders of the law. We reject appellee's arguments. We reverse and remand the cause to the trial court for a hearing on punishment in conformity with this opinion.

BUTTS, Justice, dissenting.

I respectfully dissent. The trial judge in this case assessed punishment. A trial judge has authority to grant probation in instances when a jury cannot. *See* TEX.

CODE CRIM.PROC.ANN. art. 42.12 § 3 (Vernon Supp.1992).

The judge signed the first judgment on May 23, 1991. The amended judgment was signed on June 21, 1991. The first judgment was not "final" for purpose of appeal when the amended one was substituted. This was clearly within the judge's period of plenary power to sign and substitute an amended judgment. This could be properly done whether the judgment corrected a clerical error or changed the substantive terms.

Therefore, this case meets both of the necessary two grounds of authority to support the trial judge's action, that is, plenary power to amend the judgment and the unobstructed power of a trial judge to grant probation even when a defendant has admitted two prior convictions. This trial judge committed no error.

The judgment should be affirmed. I respectfully dissent.