STATE of Texas, Appellant,

v.

Cheryl Lynette ALLEN, Appellee.

No. 6–92–087–CR.

Court of Appeals of Texas,
Texarkana.

Dec. 15, 1992.

Discretionary Review Granted
April 7, 1993.

C. Patrice Savage, Asst. Dist. Atty., Longview, for appellant.

William Jennings, Longview, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

The State appeals from Cheryl Allen's conviction. The State contends that the trial court, after convicting Allen of a third-degree felony, erred in assessing misdemeanor punishment under TEX.PENAL CODE ANN. § 12.44 (Vernon Supp.1993).[1] We find no error and affirm.

The trial court convicted Allen of stealing about $42.00 worth of cigarettes. After enhancement, this offense is a third-degree felony. Allen had previously been convicted of felonies, and the State prosecuted her as an habitual offender. Ordinarily, upon conviction for a third-degree felony, an habitual offender is punished by confinement from twenty-five years to life. TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1993).

However, the trial court elected to punish Allen by imposing punishment for a Class A misdemeanor pursuant to Section 12.44(a) of the Penal Code, which provides:

A court may punish a defendant convicted of a third degree felony by imposing the punishment for a Class A misdemeanor if, after considering the gravity and circumstances of the felony committed and the history, character, and rehabilitative needs of the defendant, the court finds that such punishment would best serve the ends of justice.

This sentence was imposed because the court determined, after considering the gravity and circumstances of the offense and the history, character and rehabilitative needs of Allen, that such punishment best served the ends of justice.

The State contends that the trial court exceeded its authority in sentencing Allen. It claims that the terms of Section 12.42(d) are mandatory once the prior convictions are proven and that proof of the prior convictions eliminates the trial court's discretion to punish a third-degree felony as a Class A misdemeanor.[2]

The essential question to be resolved is whether the mandatory sentence required by Section 12.42(d) overrides the discretionary sentencing provision of Section 12.44(a). While no decisions have addressed this precise question, the State analogizes this instance to cases which have held that the mandatory provisions of Section 12.42(d) override the wide latitude given the trial court to grant probation under TEX. CODE CRIM.PROC.ANN. art. 42.12 (Vernon 1979 & Supp.1993). The State argues that the case of *State v. Garza*, 824 S.W.2d 324 (Tex.App.–San Antonio 1992, pet. ref'd), compels us to hold that the trial court lacked discretion to sentence Allen as it did.

In *Garza*, the defendant was sentenced under Section 12.42(d), which provided for a sentence of twenty-five to ninety-nine years' imprisonment as an habitual offender. The trial court disregarded that mandate and, without suggesting any authority to support its action, sentenced Garza to ten years' confinement, probated pursuant to Article 42.12, § 3. Under that article of the Code of Criminal Procedure, probation is not available to any defendant who receives more than ten years' imprisonment.

---

1. The State is entitled to appeal because it claims that the sentence imposed by the trial court is illegal. TEX.CODE CRIM.PROC.ANN. art. 44.01(b) (Vernon Supp.1993).

2. TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp. 1993) provides:

If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years.

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3. Without question, Section 12.42(d) provides a range of punishment that lies outside the parameters within which a trial court can grant probation under Article 42.12 of the Code of Criminal Procedure, that is, when the sentence of confinement is ten years or less. *Harvey v. State,* 611 S.W.2d 108 (Tex.Crim.App.1981).

The State's analogy to the *Garza* and *Harvey* cases is imperfect, however. Before probation can be given, a sentence must be for ten years' confinement or less. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3. The gravamen of giving probation to defendants who should have received mandatory confinement as habitual offenders is that the trial courts, in cases like *Garza* and *Harvey,* have no statutory authority to reduce the sentences to ten years' confinement or less. And, when the term of confinement is greater than ten years, probation is not authorized. The trial court here acted pursuant to TEX.PENAL CODE ANN. § 12.44(a), which expressly permits the court to reduce the punishment level. We conclude that the trial court acted within its discretion in imposing punishment for a Class A misdemeanor upon Allen's conviction of a third-degree felony.

The trial court's judgment is affirmed.