The STATE of Texas

v.

Cheryl Lynette ALLEN, Appellee.

No. 119–93.

Court of Criminal Appeals of Texas, En Banc.

Nov. 24, 1993.

William M. Jennings, Longview, for appellant.

David Brabham, Dist. Atty. and R. Clement Dunn, Asst. Dist. Atty., Longview, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

OVERSTREET, Judge.

Appellee was charged by indictment with the offense of theft, a third-degree felony

---

pursuant to Tex.Penal Code Ann. § 31.-03(e)(4)(E).[1] The primary offense was alleged to have been committed on or about February 1, 1991. The indictment also alleged in separate enhancement paragraphs, two non-theft prior felony convictions. On March 26, 1992, appellee, in a nonjury trial, was convicted of the primary offense of third-degree felony theft in the 188th District Court of Gregg County. Appellee entered a plea of "not true" to the two enhancement paragraphs. The trial court found the two enhancement paragraphs to be "true." The trial court imposed punishment for a Class A misdemeanor pursuant to Tex.Penal Code Ann. § 12.44(a),[2] (hereinafter Section 12.-44(a)) and sentenced appellee to one year in the County jail. On appeal, the State alleged that the trial court exceeded its authority by imposing misdemeanor punishment after finding appellee guilty of a third degree felony and finding the enhancement allegations to be true. The Sixth Court of Appeals affirmed the judgment of the trial court, holding that Section 12.44(a) gives a trial court discretion to impose misdemeanor punishment—even in the face of findings of habitual felon status under Tex.Penal Code Ann. § 12.42(d).[3] (hereinafter Section 12.-42(d)). *State v. Allen,* 843 S.W.2d 302 (Tex. App.—Texarkana 1992, pet. granted, April 7, 1993).

We granted the State's petition for discretionary review as follows:

whether the trial court has the authority to impose misdemeanor punishment under Texas Penal Code 12.44(a), when the State alleges and proves the defendant's status as an habitual offender under Texas Penal Code 12.42(d), setting the range of punishment at 25–99 years or life in the Texas Department of Criminal Justice, Institutional Division, and the trial court finds the enhancement allegations to be true.

The Sixth Court of Appeals noted that the essential question to be resolved is whether the mandatory sentence range required by Section 12.42(d) overrides the discretion given the trial court under Section 12.44(a). The State contends that the Sixth Court of Appeals misconstrued both Section 12.42(d) and Section 12.44(a) of the Texas Penal Code in holding that a trial court has discretion to impose misdemeanor punishment under Section 12.44(a) despite a finding that the State has proven the enhancement paragraphs to be true, thereby bringing the range of punishment under Section 12.42(d). The State argues that the terms of Section 12.42(d) are mandatory once the prior felony convictions are found to be true.

■■■ A plain reading of the two statutes indicates that one sentencing provision is mandatory while the other is discretionary. The language of Section 12.44(a) reads "a court *may punish* a defendant convicted of a third degree felony ..." (emphasis added). Thus, Section 12.44(a) is a discretionary provision left to the judgment of the trial court, after considering the gravity and circumstances of the felony committed, and the history, character and rehabilitative needs of the defendant. The language of Section 12.-42(d) reads, "if it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses ... on conviction he *shall be pun-*

---

**1.** Tex.Penal Code Ann. § 31.03(c)(4)(E) (Vernon Supp.1993) provides:

Except as provided by subsection (f) of this section, an offense under this section is a felony of the third degree if the value of the property stolen is less than $750.00 and the defendant has been previously convicted two or more times of any grade of theft.

**2.** Tex.Penal Code Ann. § 12.44(a) (Vernon Supp. 1993) provides:

A court may punish a defendant convicted of a third degree felony by imposing the punishment for a Class A misdemeanor if, after considering the gravity and circumstances of the felony committed and the history, character,

and rehabilitative needs of the defendant, the court finds that such punishment would best serve the ends of justice.

**3.** Tex.Penal Code Ann. § 12.42(d) (Vernon Supp. 1993) provides:

If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years.

*ished* by confinement in the Texas Department of Corrections for life ..." (emphasis added). The language of Section 12.42(d) is clear, instructive, and mandatory. In *Harvey v. State*, this court determined that the language of Section 12.42(d) expresses the legislative intent that upon proof of certain criteria, the habitual offender statute dictates its mandatory operation. *See Harvey v. State*, 611 S.W.2d 108 (Tex.Crim.App.1981), cert. den. 454 U.S. 840, 102 S.Ct. 149, 70 L.Ed.2d 123 (1981). Once a finding of true as to the enhancement paragraphs has been made, the "punishment is absolutely fixed" by law. *Harvey*, at 111.[4] Thus, in the instant case, upon finding the two felony enhancement paragraphs of the indictment to be true, the mandatory punishment provisions of Section 12.42(d) came into operation.

The mandatory operation of Section 12.42(d) was challenged in an analogous situation in *State v. Garza*, 824 S.W.2d 324 (Tex. App.1992, pet. ref'd, June 3, 1992). In *Garza*, the trial court found the defendant guilty of a second-degree felony and found the two habitual felony enhancement paragraphs alleged in the indictment to be true. However, in a nunc pro tunc judgment without mention of the enhancements, the trial court assessed punishment at ten years probation. The Fourth Court of Appeals reversed the trial court's nunc pro tunc judgment and held that the mandatory nature of Section 12.42(d) overrode the ability of the trial court to exercise discretion and grant probation. The holding of the Fourth Court of Appeals in *State v. Garza* reiterates that the provisions of Section 12.42(d), once proven "true," preclude other punishment options. The attempt of the Sixth Court of Appeals to distinguish the *Garza* holding as not controlling in the instant case is misplaced.

Once the two prior felony convictions are found to be true, the mandatory operation of Section 12.42(d) restricts the discretion of the sentencing authority. As such, a finding of true of the prior felony convictions in the instant case eliminated the trial court's dis-

cretion to punish a third degree felony as a class A misdemeanor.

We therefore reverse the judgment of the Sixth Court of Appeals, and remand this cause to the trial court for assessment of punishment, not inconsistent with this opinion.

CLINTON, J., concurs in result.

---

4. At the time of the *Harvey* decision, Section 12.42(d) automatically fixed punishment at life imprisonment. Although the legislature amended the habitual offender statute in 1983 to make the range of punishment 25–99 years or life (as opposed to automatic life imprisonment), the principle of *Harvey* remains unchanged.