In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00010-CR


______________________________




PAUL V. MINIX, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 28588-A




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Paul V. Minix, Jr., appeals his convictions for one count of burglary of a habitation and two
counts of burglary of a building occurring in the same criminal episode. The punishment range for
the burglary of a habitation offense was enhanced by the trial court's finding that Minix had a prior
felony conviction. The trial court sentenced him to thirty years' imprisonment for the burglary of a
habitation conviction and to two years' confinement in a state jail facility for each of the burglary of
a building convictions. The trial court ordered each conviction to run concurrently with the others,
but consecutively with Minix's sentence for a previous felony conviction.

 On appeal, Minix contends the trial court erred in overruling his motion to suppress his
written statement. He also contends the trial court erred in sentencing him to thirty years'
imprisonment for the burglary of a habitation conviction.

 The record shows Minix was stopped for driving a pickup truck without his seat belt
fastened. The officer realized property in the back of Minix's truck matched the description of
property having been reported stolen. A subsequent investigation revealed the property to be stolen. 

 Minix was arrested on May 29, 2001. On May 30, 2001, he received a Miranda (1) warning
from a magistrate. On May 31, 2001, Officer Mike Claxton approached Minix in jail and asked if
Minix would speak to him about the stolen property. Claxton testified Minix agreed to be
questioned. 

 Claxton testified that he read Minix the Miranda warnings and that Minix signed a written
waiver of those rights. He testified he and another officer questioned Minix for about four hours
before Minix gave a five-page, typewritten statement. He testified that Minix was permitted to
review the statement and make any necessary corrections, that he initialed each paragraph as he read,
and that he signed the bottom of each page. 

 Claxton testified Minix was not handcuffed or threatened during the interview and no
promises were made to him. He testified Minix did not ask to stop the interview or request an
attorney. 

 On cross-examination, Claxton testified he chose not to talk to Minix on May 29 (the day
Minix was arrested) because, in his opinion, Minix was then under the influence of cocaine. He
testified that, on May 29, Minix looked tired, acted very nervous and paranoid, was easily agitated,
was aggressive, and admitted having a cocaine problem. He testified that, on May 31, Minix did not
appear to be under the influence of any drugs or alcohol. He testified that at that time Minix
appeared to be more relaxed and calm, his complexion was better, and he was soft-spoken and
cooperative. 

 Minix testified he was under the influence of cocaine when he was arrested on May 29 and
was suffering from withdrawal symptoms on May 31 when Claxton interviewed him. Specifically,
he testified he was extremely tired when Claxton interviewed him. He testified he used two grams
of cocaine four days per week in the four months leading up to his arrest. 

 Minix testified he did not remember being read the Miranda warnings. At first, he testified
he did not recall signing a written waiver of those rights, but later testified he remembered signing
the waiver form. He also testified he did not read the statement in full and did not recall telling
Claxton he was involved in any burglaries. He testified Claxton stopped him from reading the
statement, and told him where to initial each paragraph and where to sign the statement. 

 In its findings of fact and conclusions of law, the trial court found that Minix voluntarily
agreed to be interviewed by Claxton; that Claxton read him the Miranda warnings; that he signed
a written waiver of those rights; that he waived those rights knowingly; that he gave a five-page
statement; that he initialed each paragraph and signed at the bottom of each page of the statement; 
that Claxton's account of the interview was more credible than Minix's; and that Minix's statement
was made voluntarily. 

 At a suppression hearing, the trial court is the exclusive trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony. Green v. State, 934 S.W.2d
92, 98 (Tex. Crim. App. 1996). Therefore, an appellate court must view the evidence in the record
and draw all reasonable inferences therefrom in the light most favorable to the trial court's ruling. 
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). Further, the appellate court must
sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory
of law applicable to the case. Id.; Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

 The general rule is that we must afford almost total deference to the trial court's
determination of the historical facts that the record supports, especially when the trial court's fact
findings are based on an evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997). We are also to afford such deference to a trial court's ruling on the
application of law to fact questions if the resolution of those ultimate questions turns on an
evaluation of credibility and demeanor. Id. We may review de novo the application of law to fact
questions not turning on credibility and demeanor. Id.

 When the voluntariness of a statement is challenged, the trial court must make an
independent determination in the absence of the jury as to whether the statement was voluntarily
made. Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (Vernon 1979); Jackson v. Denno, 378 U.S. 368,
380, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). At this hearing, the state has the burden under the Fifth
and Fourteenth Amendments of proving by a preponderance of the evidence that the statement was
voluntary. Lego v. Twomey, 404 U.S. 477, 489, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); Alvarado v.
State, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995). However, the prosecution is not put to this
burden unless a defendant presents evidence that raises a voluntariness question. State v. Terrazas,
4 S.W.3d 720, 724 (Tex. Crim. App. 1999) (citing Tex. Code Crim. Proc. Ann. art. 38.22, § 6).

 The statement of an accused may be used against him or her if it appears it was freely and
voluntarily made without compulsion or persuasion. Tex. Code Crim. Proc. Ann. art. 38.21
(Vernon 1979). A statement is involuntary if there was official, coercive conduct of such a nature
that any statement obtained was unlikely to have been the product of an essentially free and
unconstrained choice. Alvarado, 912 S.W.2d at 211.

 Intoxication, while relevant, does not render a confession involuntary per se. Jones v. State,
944 S.W.2d 642, 651 (Tex. Crim. App. 1996). Instead, the question becomes whether the
defendant's intoxication rendered him or her incapable of making an independent, informed decision
to confess. Id.

 In the present case, the trial court found Minix gave his statement voluntarily. This finding
is supported by Claxton's testimony that he explained the Miranda warnings to Minix, that Minix
appeared to understand the warnings, that he signed a written waiver of those rights, that he gave a
five-page statement over a four-hour period, that he was not coerced into making the statement or
promised anything in exchange for it, and that he was allowed to read the statement before initialing
each paragraph and signing each page.

 Though Minix testified that he was suffering symptoms of withdrawal when Claxton
interviewed him, that he did not recall being read the Miranda warnings, and that he did not recall
admitting he participated in any burglaries, the trial court was free to give greater weight to Claxton's
testimony and to disbelieve Minix's testimony. Because the trial court's ruling is based on the
credibility and demeanor of the witnesses and is supported by the record, we must defer to its
findings on the issue.

 Minix next contends the trial court erred in sentencing him to thirty years' imprisonment for
the burglary of a habitation conviction because the trial court did not make an affirmative finding
that Minix had been previously convicted of a felony. Burglary of a habitation is a second-degree
felony. Tex. Pen. Code Ann. § 30.02(c)(2) (Vernon Supp. 2002). The punishment range for a
second-degree felony is not more than twenty years' or less than two years' imprisonment. Tex. Pen.
Code Ann. § 12.33(a) (Vernon 1994).

 The punishment range for a second-degree felony is enhanced to that of a first-degree felony
on a showing the defendant has been previously convicted of a felony. Tex. Pen. Code
Ann. § 12.42(b) (Vernon Supp. 2002). The punishment range for a first-degree felony is life
imprisonment or not more than ninety-nine years' or less than five years' imprisonment. Tex. Pen.
Code Ann. § 12.32(a) (Vernon 1994).

 The root of Minix's contention is the trial court's failure, at the end of the punishment hearing,
to pronounce its finding regarding the allegation that Minix had previously been convicted of a
felony. He contends, therefore, the maximum punishment available was twenty years' imprisonment.

 Minix pled true to the allegation he had a prior felony conviction. When the defendant pleads
true to the enhancement allegation, the state's burden of proving the prior felony conviction is
removed. Harvey v. State, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981) (op. on reh'g). Once a
finding of true to the enhancement paragraph has been made, the punishment range is absolutely
fixed by law. State v. Allen, 865 S.W.2d 472, 474 (Tex. Crim. App. 1993). Therefore, the only
punishment available to the trial court was that for a first-degree felony. Further, the written
judgment reflects the trial court made a finding of true on the enhancement allegation. We discern
no error.

 The judgment is affirmed.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 5, 2002

Date Decided: July 9, 2002


Do Not Publish

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).