Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
THE STATE OF TEXAS,                                )                  No. 08-04-00139-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  346th District Court
)
DAVID HARRIS,                                               )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20020D05384)

O P I N I O N

            The State of Texas appeals from a judgment imposing a sentence which it contends is illegal.
See Tex.Code Crim.Proc.Ann. art. 44.01(b)(Vernon Pamph. 2004-05). David Harris, Appellee,
also filed a notice of appeal but he has not raised any cross-points on appeal. A jury found Harris
guilty of aggravated sexual assault. Although the State proved that Harris had previously been
convicted of sexual assault of a child and had two other felony convictions, the trial court refused
to impose a mandatory life sentence. We reverse.
FACTUAL SUMMARY
            A grand jury indicted Harris for aggravated sexual assault of a child younger than fourteen
years of age. The indictment did not include any enhancement paragraphs. Prior to trial, the State
filed a written notice of enhancement served it on defense counsel. The notice reflected that the
State intended to enhance the range of punishment with three prior convictions: a 1984 sexual
assault of a child conviction (Hutchinson County), a 1986 burglary of a building conviction (Swisher
County), and a 1989 burglary of a habitation conviction (Brazoria County). The jury found Harris
guilty of aggravated sexual assault of a child younger than fourteen years of age as alleged in the
indictment. Harris had previously elected that his punishment be determined by the court. 
            During the punishment phase, the State introduced into evidence three pen packets proving
the prior convictions alleged in its notice of enhancement. Harris stipulated that he was the person
convicted of the offenses shown by the pen packets. During closing argument, the State contended
that the court should impose a mandatory life sentence pursuant to Section 12.42 of the Texas Penal
Code due to Harris’s prior conviction of sexual assault of a child. The court articulated his belief
that he could not impose a mandatory life sentence because the enhancement paragraphs were not
contained within the indictment. The following day, at the conclusion of the punishment phase, the
trial court found that the pen packets substantiated the allegations set forth in the notice of
enhancement and it found the enhancement allegations true. The court then refused to impose a
mandatory life sentence and sentenced Harris to a twenty-six years instead. Both the State and Harris
filed timely notices of appeal.
ILLEGAL SENTENCE
            In its sole issue on appeal, the State complains that the trial court was required to impose a
mandatory life sentence. It contends and that the lesser sentence is illegal since it falls outside the
punishment fixed by law. Section 12.42 of the Texas Penal Code provides that a defendant shall be
punished by imprisonment in the institutional division for life if the defendant is convicted of an
offense under Section 22.021 or 22.011 of the Penal Code, and the defendant has been previously
convicted of an offense under Section 21.11, 22.011, 22.021, or 25.02 of the Penal Code. 
Tex.Penal Code Ann. § 12.42(c)(2)(A)(i), (c)(2)(B)(ii)(Vernon Supp. 2004-05). The language of
Section 12.42(c)(2) is mandatory. When analyzing a similar provision found in Section 12.42, the
Court of Criminal Appeals has held that the statutory language expresses the legislative intent that
upon proof of certain criteria, the statute dictates mandatory operation. See State v. Allen, 865
S.W.2d 472, 474 (Tex.Crim.App. 1993)(analyzing mandatory life sentence provision found in a
former version of Section 12.42(d), the habitual offender statute). Once a finding of true as to the
enhancement paragraphs has been made, the punishment is absolutely fixed by law. See id. The
same analysis applies to Section 12.42(c)(2).
            The evidence at trial established, and the trial court expressly found, that Harris had
previously been convicted of sexual assault of a child, which is an offense under Section 22.011.


 
Because Harris was convicted in the instant case of an offense under Section 22.021, his punishment
was fixed by law and the trial court had no discretion to impose a lesser sentence.
            Harris concedes that the State is not required to include enhancement allegations in the
indictment. In Brooks v. State, 957 S.W.2d 30, 33 (Tex.Crim.App. 1997), the Court of Criminal
Appeals clarified that convictions used as enhancements must be pled in writing in order to give the
defendant notice, but they need not be included in the indictment. The State’s written notice of
enhancement constitutes a pleading and therefore satisfies Brooks. Harris argues that the notice was
inadequate because there is a variance between the date of the prior sexual conviction alleged in the
enhancement pleading and the pen packet. Harris concedes that the claimed variance is not fatal but
argues nonetheless that it served to confer discretion on the court to disregard the mandatory life
sentence.
            The first paragraph of the State’s notice of enhancement alleged that prior to the commission
of the primary offense, Harris had been convicted of sexual assault of a child on November 19, 1984
in the 316th District Court of Hutchinson County, Texas, in cause number 639, and that conviction
became final prior to the commission of the primary offense. The pen packet pertaining to this
conviction (State’s Exhibit 3) reflects that Harris entered a plea of guilty on November 19, 1984 and
was placed on probation. His probation was revoked on September 17, 1985. The State correctly
alleged the date of conviction as November 19, 1984 and further proved that the conviction became
final on September 17, 1985, a date prior to the commission of the instant offense. There is no
variance between the enhancement allegation and the proof. 
            Even if a variance existed, it would not have been fatal because Harris has not made any
claim of surprise. In fact, he stipulated that he was the person convicted of sexual assault of a child
as shown by State’s Exhibit 3. It is not necessary to allege prior convictions for the purpose of
enhancement with the same particularity which must be used in charging on the primary offense. 
Freda v. State, 704 S.W.2d 41, 42 (Tex.Crim.App. 1986). The purpose of the doctrine of variance
is to avoid surprise. See Plessinger v. State, 536 S.W.2d 380, 381 (Tex.Crim.App. 1976). Variances
between an enhancement allegation and the proof in regard to cause numbers, courts, and dates of
conviction have all been held to be immaterial. See Freda, 704 S.W.2d at 42-43.
            Harris also argues that the trial court had discretion to ignore the mandatory life sentence
because the sentence is disproportionate to the offense. He claims that since he was only seventeen
years old when the prior offense was committed, a mandatory life sentence would have violated the
constitutional prohibition against cruel and unusual punishment. Harris did not raise this argument
in the trial court nor did he present evidence of sentences in similar cases for comparison. See
McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992); Smedley v. State, 99 S.W.3d 317, 319
(Tex.App.--Texarkana 2003, no pet.); Simmons v. State, 944 S.W.2d 11, 15 (Tex.App.--Tyler 1996,
pet. ref’d). The issue could not have served as the basis for the court’s decision. Because the trial
court found the enhancement allegation true, Harris’s punishment became absolutely fixed by law
pursuant to the mandatory terms of Section 12.42(c)(2), and the court had no discretion to impose
a lesser sentence. The State’s sole issue on appeal is sustained. We reverse the sentence and that
portion of the judgment assessing punishment at imprisonment for a term of twenty-six years. We
remand the cause to the trial court for imposition of the mandatory life sentence.


August 16, 2005                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)