# Court of Appeals
## Tenth Appellate District of Texas

---

10-24-00036-CR

---

Larry Wayne Carter,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
54th District Court of McLennan County, Texas
Judge Susan N. Kelly, presiding
Trial Court Cause No. 2022-1704-C2

---

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Larry Wayne Carter was convicted of one count of trafficking, enhanced, and one count of continuous sexual abuse of a young child. *See* TEX. PENAL CODE §§ 20A.02; 21.02. The jury assessed punishment at life in prison on both counts. The trial court's Judgment of Conviction by Jury, Count No. I is affirmed, and the trial court's Judgment of Conviction by Jury, Count No. II is affirmed as modified.

## BACKGROUND

Carter began sexually assaulting Z.C. when Z.C. was approximately eight years old. The assaults continued until after Z.C. turned 14 years old. Sometimes Carter would sexually assault Z.C. at home and sometimes the assaults would occur in Carter's work tractor/trailer trucks. Sometimes those assaults in the trucks would occur in different locations in the State of Texas and in different states. After Z.C. turned 14, she became tired of Carter's assaults and told her sister about what had been happening.

## MULTIPLE PROSECUTIONS

Carter's first issue can best be described by what was communicated in in his appellate brief under the heading, **Issues Presented**: "Whether the count I conviction for trafficking of persons violates double jeopardy and/or Tex. Pen. Code § 21.02(e) and/or Tex. Pen. Code § 20A.02(d). U.S. CONST. amends. V, XIV." He also includes an alternative argument under this issue: "In the alternative, the evidence is legally insufficient to support the trafficking count." This issue is multifarious because Carter bases a single issue on more than one legal theory. *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010). Thus, we could, and should, reject each issue as inadequately briefed.[1]

---

[1] We reject Carter's double jeopardy violation sub-issue as inadequately briefed because Carter never made a double jeopardy claim in the trial court and spends no time in his brief discussing how we may reach his unpreserved claim. *See Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014) (review

*Balderas v. State*, 517 S.W.3d 756, 780 (Tex. Crim. App. 2016).

However, in the interest of justice, we will address one of the sub-issues which disposes of the issue in its entirety. *See Balderas*, 517 S.W.3d at 780; *Davis*, 329 S.W.3d at 803. That sub-issue is whether Carter's conviction for trafficking violates the statutory prohibition of a conviction in the same criminal action of an offense listed as a predicate offense under (c) of the Continuous Sexual Abuse of a Young Child statute where the victim is the same in the two convictions. *See* TEX. PENAL CODE § 21.02(e).

Texas Penal Code section 21.02, the continuous sexual abuse statute, provides:

> A defendant may not be convicted in the same criminal action of an offense listed under Subsection (c) the victim of which is the same victim as a victim of the offense alleged under Subsection (b) (the elements of the continuous sexual abuse offense) unless the offense listed in Subsection (c):
>
> (1) is charged in the alternative;
>
> (2) occurred outside the period in which the offense alleged under Subsection (b) was committed; or
>
> (3) is considered by the trier of fact to be a lesser included offense of the offense alleged under Subsection (b).

TEX. PENAL CODE § 21.02(e).

Trafficking is an offense listed under subsection (c) of section 21.02. *See*

---

of unpreserved double jeopardy claims). *See also* TEX. R. APP. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011) (inadequate briefing).

*id.* (c)(7). Z.C. is the victim in the continuous sexual abuse offense and the trafficking offense, and Carter was convicted of both offenses in the same criminal action. Further, the trafficking offense was neither charged in the alternative nor considered by the jury to be a lesser included offense of the continuous sexual abuse offense. Thus, for Carter to be properly convicted of trafficking, the evidence must show that the trafficking offense occurred outside the period of time in which the continuous sexual abuse offense was committed. *See Allen v. State*, 620 S.W.3d 915, 921 (Tex. Crim. App. 2021); *Price v. State*, 434 S.W.3d 601, 606 (Tex. Crim. App. 2014).

The victim in an offense of continuous sexual abuse must be younger than 14 years old. TEX. PENAL CODE § 21.02(b)(2)(A). The age of the victim in an offense of trafficking is dependent upon what prohibited conduct the victim, in this case a child victim, was caused to engage in or become a victim of. TEX. PENAL CODE § 20A.02(a)(7). Carter was charged with causing Z.C. to engage in or become a victim of sexual assault. *See id.* (a)(7)(C); § 22.011. Pursuant to the sexual assault statute, a child is any person under 17 years of age. *Id.* § 22.011(c)(1).

The State charged Carter with trafficking Z.C. on or about July 21, 2022. The particular date alleged in the indictment is not binding on the prosecution, and a conviction may be had based on evidence showing a different date which

is before the presentment of the indictment and within the applicable statute of limitations. *Allen v. State*, 620 S.W.3d at 920; *see* TEX. CODE CRIM. PROC. art. 21.02(6). Thus, if the evidence shows the trafficking offense occurred after Z.C's 14th birthday but before her 17th birthday, and necessarily, before the presentment of the indictment and within the applicable statute of limitations, the offense was committed outside the commission of the continuous sexual abuse offense and does not violate section 22.02(e).

Carter contends there is no evidence of a trafficked offense after Z.C.'s 14th birthday. The evidence shows otherwise.

Z.C. was born on June 16, 2008; consequently, she turned 14 years old on June 16, 2022. Z.C. testified that Carter had a pattern as to what he would ask Z.C. to do every time he sexually assaulted her. She described this pattern of abuse as a cycle and testified that each time Carter sexually assaulted her in his work truck, he would either put his penis in her vagina or put his penis in her mouth.

Z.C. further testified that during the school year, she would accompany Carter on weekend trips, but during the summer months she would go on trips more frequently. Z.C. said she was 14 years old the last time that she went on a trip with Carter in his work truck. She also said she was 14 years old the last time that Carter sexually assaulted her and put his penis in her vagina.

Harold Lewis, an investigator with Child Protective Services, testified that his investigation began in July of 2022, following an outcry of sexual abuse from Z.C. C.P.S. had received information from Z.C. that Carter had been sexually abusing her and that the last time Carter sexually abused her was on a "run" from July 21, 2022 through July 24, 2022. Using GPS records, the Waco Police Department corroborated that Carter's work truck made multiple intrastate and one interstate trip between July 20, 2022 and July 22, 2022.

Accordingly, the evidence showed that Carter committed the trafficking offense when Z.C. was 14 which, because of her age, is outside the period of time in which Carter committed the offense of continuous sexual abuse. Consequently, Carter's conviction for trafficking did not violate the statutory prohibition established in Texas Penal Code section 21.02(e), and his first issue is overruled.[2]

**EXTRANEOUS OFFENSE EVIDENCE**

Carter next contends the trial court abused its discretion in admitting Carter's prior 2002 conviction for indecency with a child[3] pursuant to article 38.37, sec. 2(b) of the Texas Code of Criminal Procedure during the

---

[2] The same evidence is also sufficient to support the trafficking conviction.

[3] Evidence of the conviction includes the indictment, the judgment, and Carter's waiver of rights. Although admitted separately, Carter argues as if they were one document. We will treat the documents likewise in our review.

guilt/innocence phase of the trial because the probative value of the conviction was outweighed by the danger of unfair prejudice under Texas Rule of Evidence 403 and the introduction of the conviction violated his right to confrontation under the Sixth Amendment to the Constitution of the United States.

### *Rule 403*

We review a trial court's decision to admit or exclude extraneous offense evidence under Rule 403 for an abuse of discretion. *Perkins v. State*, 664 S.W.3d 209, 217 (Tex. Crim. App. 2022). The trial court does not abuse its discretion unless its determination lies outside the zone of reasonable disagreement. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).

Rule 403 allows the trial court to exclude evidence that may be otherwise relevant "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. To determine whether evidence is admissible under Rule 403, we use the *Montgomery* factors: (1) the strength of the evidence's probative value; (2) the potential for the evidence to "impress the jury in some irrational but nevertheless indelible way;" (3) the amount of time required at trial to develop the evidence; and (4) the proponent's need for the

evidence. *Hart v. State*, 688 S.W.3d 883, 891 (Tex. Crim. App. 2024); *Montgomery v. State*, 810 S.W.2d 372, 389-90 (Tex. Crim. App. 1990) (op. on reh'g). All testimony and physical evidence are likely be prejudicial to one party or the other. *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010); *Jones v. State*, 944 S.W.2d 642, 653 (Tex. Crim. App. 1996). It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value that Rule 403 is applicable. *Davis*, 329 S.W.3d at 806; *Williams v. State*, 958 S.W.2d 186, 196 (Tex. Crim. App. 1997).

Carter concedes that factors one and three of the *Montgomery* factors are either neutral or favor admission and does not discuss them. Thus, he focuses his argument on factor two, the potential for the evidence to "impress the jury in some irrational but nevertheless indelible way," and factor four, the State's need for the evidence. We will do likewise

Carter argues the prior conviction had the potential to indelibly impress the jury because, given that Z.C. had given "materially inconsistent" testimony at trial, the conviction would have the effect of bolstering Z.C.'s credibility. The alleged inconsistent testimony consisted of four subjects of Z.C's testimony:

1. whether Carter had penetrated her anally—Z.C. denied this at trial;

2. whether there was an identifying mark on Carter's genitals—Z.C. thought there a mark but learned before trial there was not;

3. whether Z.C. made outcries to a counsellor and a teacher who would not report the outcry—no conflicting testimony; and

4. whether any sex toys or contraceptives were kept in Carter's work truck—Z.C. did not know why those items were not found during the search of the truck.

Bolstering is the introduction of evidence that the witness is believable without that evidence being relevant to the proceeding and is generally prohibited. *Newland v. State*, 363 S.W.3d 205, 207 (Tex. App.—Waco 2011, pet. ref'd). Article 38.37 expressly authorizes admission of evidence showing that the defendant committed a separate sexual offense "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. art. 38.37, § 2(b). Evidence of Carter's prior indecency conviction was relevant to his propensity to sexually assault children. *See Holland v. State*, 702 S.W.3d 836, 842 (Tex. App.—Waco 2024, pet. ref'd). Thus, it did not improperly bolster Z.C.'s testimony. Additionally, potential prejudice may be mitigated when the extraneous act is no more serious than the allegations that are the basis for the charged offense. *Id*. Here, indecency with a child is no more serious than trafficking and continuous sexual assault; thus, any potential prejudice from the introduction of the prior conviction was mitigated.

As to the State's need for the evidence, from the beginning of trial, Carter's defensive theory was that Z.C. fabricated Carter's sexual assaults.

For this reason, along with no eyewitness testimony and no DNA evidence to link Carter to the offense, the State needed the prior conviction. While it may have been prejudicial, there was nothing to suggest a "clear disparity" between the degree of prejudice of the prior conviction and its probative value.

Accordingly, based on our review of the record and after weighing the *Montgomery* factors, we conclude that a balance of the factors shows the trial court did not abuse its discretion in admitting Carter's prior conviction over his Rule 403 objection.

### *Confrontation Clause*

Carter also contends the admission of his prior conviction violates the Confrontation Clause of the Sixth Amendment to the United States Constitution and asserts he had the right to confront the victim of the prior conviction who was not present at Carter's current trial. We disagree with Carter as to both contentions.

The Confrontation Clause bars the admission of testimonial statements of a witness who does not appear at trial unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. U.S. CONST. amends. VI, XIV; *Crawford v. Washington*, 541 U.S. 36, 59, 124 S. Ct. 1354, 1369, 158 L. Ed. 2d 177 (2004); *Russeau v. State*, 171 S.W.3d 871, 880 (Tex. Crim. App. 2005). A statement is "testimonial" if it constitutes a "solemn

declaration or affirmation made for the purpose of establishing or proving some fact." *Crawford*, 541 U.S. at 51, 124 S. Ct. at 1364; *see Russeau*, 171 S.W.3d at 880. Public records documenting prior convictions or other similar sterile and routine recitations of official findings are non-testimonial and are, therefore, beyond the prohibition of the Confrontation Clause and *Crawford*. *See Segundo v. State*, 270 S.W.3d 79, 107, fn. 5, and fn. 9 (Tex. Crim. App. 2008). *See also Allen v. State*, No. 01-13-00784-CR, 2015 Tex. App. LEXIS 9067, at *30-32 (Tex. App.—Houston [1st Dist.] Aug. 27, 2015, pet. ref'd) (not designated for publication).

Carter's 2002 judgment of conviction, indictment, and waiver of rights are sterile and routine public records which document his prior conviction. No testimonial statements, as that term is defined by *Crawford*, are included in any of the exhibits. Accordingly, the trial court admission of Carter's prior conviction did not violate the Confrontation Clause.

Carter's second issue is overruled.

**PUNISHMENT CHARGE ERROR**

Next, Carter contends the trial court erred in submitting Count I, the trafficking offense, to the jury at punishment when punishment was fixed at life in prison because Carter had pled true to the State's enhancement

allegation. *See* TEX. PENAL CODE § 12.42(c)(2).[4] Alternatively, he argues that if it was not error to charge the jury on Count I, the trial court erred by not requiring the jury to find Carter's plea to the enhancement true or not true.

A claim of jury charge error is reviewed using the standard set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). *Mosley v. State*, 666 S.W.3d 670, 676 (Tex. Crim. App. 2023). To obtain a reversal for jury charge error, the appellant must have suffered actual harm and not merely theoretical harm. *Reed v. State*, 680 S.W.3d 620, 626 (Tex. Crim. App. 2023).

In this case, the jury found Carter guilty of the offense of trafficking. Prior to the start of the punishment phase of the trial, Carter pled true to a prior conviction for indecency with a child, TEX. PENAL CODE § 21.11, as an enhancement to the trafficking offense, TEX. PENAL CODE § 20A.02(a)(7). In the charge on punishment, the trial court instructed the jury to find true that Carter was convicted of a prior offense of indecency with a child and to assess punishment at life in prison. Carter did not object to the court's charge. Thus,

---

[4] (2) Notwithstanding Subdivision (1), a defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life if:
    (A) the defendant is convicted of an offense:
        (i) under Section 20A.02(a)(7), …, Penal Code;[]and
    (B) the defendant has been previously convicted of an offense:
        (ii) under Section…21.11,…Penal Code[.]

TEX. PENAL CODE § 12.42(c)(2)(A)(i), (B)(ii).

if we find the trial court erred, we must decide whether the record shows egregious harm. *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022); *Almanza*, 686 S.W.2d at 171. However, if we do not find the trial court erred, our analysis ends.

Even though it is *permissible* for the trial court to dismiss the jury and assess an automatic punishment provided by law, *see Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981), *State v. Garza*, 824 S.W.2d 324, 326 (Tex. App.—San Antonio 1992, pet. ref'd), Carter has not provided us with any authority, and we have found none, that the jury *may not* assess punishment in this situation. In fact, this Court has said that no error is shown where the trial court instructed the jury in the charge on punishment that, because the jury had convicted appellant of sexual assault and because the appellant pled "true" to enhancement allegation, a mandatory life sentence was required by law. *Steadman v. State*, 160 S.W.3d 582, 586 (Tex. App.—Waco 2005, pet. ref'd). Thus, in this case, the trial court did not err in similarly instructing the jury.

Further, as to Carter's alternative complaint, when a defendant has pled true to an enhancement paragraph, the trial court may instruct the jury to find that enhancement paragraph to be true. *See Chandler v. State*, 21 S.W.3d 922, 923 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Urbano v. State*, 808

S.W.2d 519, 523 (Tex. App.—Houston [14th Dist.] 1991, no pet.). Thus, the trial court did not err in instructing the jury to find the enhancement to be true.

Carter's third issue is overruled.

## 39.14(i), (j) VIOLATION

In his fourth issue, Carter contends there is nothing in the record to show whether the State documented items or other information provided to Carter under article 39.14 as provided by subsection (i) of that article or whether there was an acknowledgment in writing or on the record of the receipt of those items or information pursuant to subsection (j) of article 39.14.[5] *See* TEX. CODE CRIM. PROC. art. 39.14 (i), (j). Thus, Carter requests that this Court order the parties to supplement the record with receipts in accordance with subsections (i) and (j) "so that the information is properly preserved in the record for any post-conviction proceedings." We decline Carter's request.

The appealing party has the obligation to present a record in the court of appeals that demonstrates the party is entitled to relief. *Davis v. State*, 345 S.W.3d 71, 78 (Tex. Crim. App. 2011); *Amador v. State*, 221 S.W.3d 666, 675 (Tex. Crim. App. 2007) ("It was, however, appellant's burden to bring forth a record on appeal sufficient to show that the trial court erred...."). Carter could

---

[5] Carter admits there is no remedy in article 39.14 for the failure to comply with subsections (i) and (j).

have requested a supplementation of the record had the receipts been on file with the trial court. *See* TEX. R. APP. P. 34.5(c)(1). But, if the receipts do not exist, "the supplementation rules cannot be used to create new evidence." *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004).

Accordingly, Carter has not presented this Court with a sufficient record to show the trial court erred, and we decline to create a record for him. His fourth issue is overruled.

## COSTS

In his last issue, Carter complains that he was erroneously assessed costs in both convictions. Where allegations and evidence of more than one offense are presented in a single trial or plea proceeding, the trial court errs in assessing costs in each conviction. *Hurlburt v. State*, 506 S.W.3d 199, 203-204 (Tex. App.—Waco 2016, no pet.). There is no dispute that both of Carter's offenses were tried in a single trial.

After reviewing the record, we agree with Carter that costs were erroneously assessed in both judgments. Costs should have been assessed in either Count I or Count II, but not in both. *See id*. Accordingly, we modify the language under the heading "Court Costs" on page 1 of the judgment in Count II to reflect $ 0.00, rather than "SEE BELOW," and strike the portion of the "special findings or orders" section on page 2 of the judgment in Count II which

states:

> The Court adjudges statutory court costs against the defendant.
> The Court orders the defendant to pay all statutory court costs.
> The Court orders the clerk to collect all statutory court costs.

Carter's fifth issue as to the judgment in Count II, only, is sustained.

**CONCLUSION**

Having overruled each of Carter's issues raised on appeal as to Count I, we affirm the trial court's Judgment of Conviction by Jury, Count No. I; and, having sustained Carter's fifth issue as to Count II and overruled the remainder of Carter's issues, we affirm as modified the trial court's Judgment of Conviction by Jury, Count No. II.

LEE HARRIS
Justice

OPINION DELIVERED and FILED:  June 26, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Affirmed as modified
Do Not Publish
CRPM

