**Bobby Carroll HARVEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59566.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 4, 1981.

Will Gray, on appeal only, Houston, for appellant.

James H. Keeshan, Dist. Atty., Michael A. McDougal and Larry L. Foerster, Asst. Dist. Attys., Conroe, Robert Huttash, State's Atty., Austin, for the State.

### OPINION ON APPELLANT'S MOTION FOR REHEARING

TEAGUE, Judge.

Originally, this Court, in a panel per curiam opinion, 609 S.W.2d 551 affirmed appellant's conviction, rejecting, for adequate reasons, appellant's contentions the search warrant and the supporting affidavit were invalid as a matter of law and the search and arrest based thereon violated appellant's rights under the Texas and United States Constitutions to be free from illegal arrest, search and seizure; that the evidence was insufficient to prove that the purported second page of the affidavit in support of the search warrant was a part of that instrument when the warrant was issued by the Justice of the Peace; and,

lastly, that appellant did not receive effective counsel at his trial.[1]

We granted appellant's pro se Motion for Leave to File Motion for Rehearing limited to his contention that the trial court's final charge at the punishment stage of the proceeding was fundamentally defective; no objection being made thereto at time of trial.

The record reflects appellant was charged by Indictment with the primary offense of unlawfully possessing a controlled substance, namely heroin. Possession of heroin is a second degree felony punishable by confinement in the Texas Department of Corrections for not more than 20 years or less than two years and a possible fine of $10,000.[2] However, in this cause, it was also alleged appellant had previously been finally convicted of two felony offenses, and that the second previous felony conviction alleged was for an offense that occurred subsequent to the first previous felony conviction becoming final, whereby, if proved, this would have enhanced appellant's punishment to confinement in the Texas Department of Corrections for life as a habitual offender.[3] However as we shall see, this did not occur.

After the jury found appellant guilty of the primary offense, and after an overnight recess, the Record reflects the following occurred the next morning:

THE COURT:[4] Have you got your charge?

MR. KEESHAN: Yes, sir. We have given one to counsel.

THE COURT: Ready to proceed, gentlemen?

MR. KEESHAN: Yes, sir, Your Honor.

MR. SEAY: Your Honor, defense is ready.

Your Honor, may we have about five minutes so we can look at the charge?

THE COURT: Before I read it, yes.

You will have a chance to look at it, the charge, if they are going to offer it in evidence. I don't know if they are or not.

MR. SEAY: We are ready, Your Honor.

THE COURT: Bring the jury in.

\* \* \* \* \* \*

THE COURT: All right, Mr. District Attorney, do you have any evidence to offer?

MR. WINFREE: Yes, sir. If we may be permitted to read the indictment.

THE COURT: All right. Have you informed counsel over here of what—

MR. KEESHAN: Yes, Your Honor.

THE COURT: Mr. Harvey, will you stand up, please?

\* \* \* \* \* \*

THE COURT: *Mr. Harvey, you have heard the reading of the indictment in connection with a former conviction, is it true or untrue?*

MR. HARVEY: *True.*

THE COURT: All right, have a seat.

Thereafter, a punishment hearing was held whereby the state put on three reputation witnesses and one fingerprint examiner to prove up the admissibility of a pen packet, which, by apparent agreement, was to contain reference to only a prior felony theft conviction and not to all three prior convictions mentioned in the packet.

The record reflects the following then occurred out of the jury's hearing:

THE COURT: All right.

You men come in here a moment. In your charge, he says it's true, so they had the word not true in there. So, that will have to be changed.

MR. WINFREE: Judge, I think if he pleads true, they don't have to find it.

THE COURT: He's admitted it.

---

1. Emphasis supplied by the writer unless otherwise indicated.

2. See Art. 4476–15, Sec. 4.02(b)(2)(K) and Sec. 4.04(b)(1), V.A.T.C.S.

3. See Sec. 12.42(d), V.A.P.C.

4. Hon. Ernest Coker was the presiding judge; Mr. Keeshan and Mr. Winfree were prosecutors; and Mr. Seay and Mr. Unger were defense lawyers.

MR. WINFREE: Correct. We can take out all of this about them having to find it.

MR. KEESHAN: And take out the first option of two to 20, it's now five to 99.[5]

THE COURT: Just the one issue.

MR. WINFREE: Some term of years, five to 99 or life. Take this out and leave out the not true business.

THE COURT: Yes.

MR. WINFREE: Could we have about 15 minutes.

THE COURT: If you can do it in 15 minutes. Fifteen and a half.

MR. WINFREE: I will go to the County Judge's office and do it.

MR. UNGER: I am agreeable to that.

THE COURT: I don't want you to put a lot of stuff in there that's not in the record, here.

MR. KEESHAN: Yes.

THE COURT: Have you read the charge, gentlemen?

MR. SEAY: I'm reading it.

THE COURT: Any objection?

MR. UNGER: No, sir.

The charge of the court, given at the punishment stage, reflects the jury was charged on the punishment range for a second offender possessor of heroin.

The prosecutor, however, argued two prior convictions to the jury without objection. After counsel for the state concluded his argument on punishment, the trial court chastised him out of the jury's hearing for arguing to the jury that appellant had two prior felony convictions, one for theft and one for possession of a narcotic drug, when only the theft conviction had been admitted into evidence.[6]

Apparently, after the jury retired to deliberate, it requested the exhibit containing the penitentiary packet. It was then discovered by the trial court that the exhibit contained references to two prior felony convictions, as argued by the District Attorney, not just the one admitted into evidence, and he, sua sponte, ordered that any and all references to the second conviction for possession of a narcotic drug be deleted and stricken from the exhibit, which was done, and then allowed the jury to have the exhibit.

To reconstruct, it appears that one prior conviction for possession was deleted from the Indictment, leaving only the one prior felony theft conviction for enhancement of punishment purposes. Appellant thereafter entered a plea of "true" to that enhancement allegation. No admonishment occurred regarding this plea. After a hearing on punishment, the trial court charged the jury on the range of punishment for possession of heroin, second offender, although the formal charge does state to the jury: "That you are instructed that the punishment for this offense [possession of a controlled substance, namely, heroin], is confinement in the penitentiary for not less than five nor more than ninety-nine years or life." The jury assessed appellant's punishment at ninety-nine years. The formal judgment of the trial court reflects this also, i. e., that appellant was convicted of "Possession of a Controlled Substance, to-wit: Heroin," and that his punishment was assessed by the jury at ninety-nine years. The Indeterminate Sentence Law was invoked in the Sentence and it reflects appellant was sentenced to not less than five nor more than 99 years.

Appellant in his pro se brief makes several contentions, namely: 1) The charge of the court and verdict of the jury are void as the charge instructed the jury to assess a greater punishment than allowed or provided by law for the offense for which he was convicted and the jury assessed a greater punishment than authorized or provided by law for the offense upon which the judgment was entered, thereby rendering the sentence void as it was predicated upon a

---

**5.** Cf. Art. 4476–15, Sec. 4.01(b)(2), V.A.T.C.S. and Sec. 12.42(b), P.C.

**6.** The flysheet to the exhibit actually shows three cause numbers. It is not known what the third conviction was for but by statements made it also appears to have been a felony theft conviction.

void judgment. Appellant's domino theory is ingenious but we find the dominos do not fall.

Appellant overlooks the provisions of Art. 44.24(b), V.A.C.C.P., which provide in part that this Court may reform and correct the judgment, as the law and nature of the case may require. Thus, in this cause, there is no question that appellant, though indicted as a habitual offender, was in fact punished as a second offender for the primary offense of possession of heroin, causing the range of punishment, see Sec. 12.42(b), P.C., to be increased from not less than two years nor more than 20 years and by a fine not to exceed $10,000, to life, or for a term of years not less than five years nor more than 99 years, and a fine not to exceed $10,000. Although the trial court charged on the proper term of years for first degree felony punishment in this cause, no mention of the possible assessment of a fine was made in his charge to the jury.

Thus, without more, this Court, as it has the necessary data and evidence before it for reformation, can reform this judgment. Likewise, this Court can also reform the sentence, if necessary, so as to conform with the judgment. See *Vasquez v. State*, 477 S.W.2d 629, 634 (Tex.Cr.App.1972). Appellant's authorities are simply not in point. See also Criminal Law Key 1184. In sum, pursuant to Art. 44.24(b), supra, this Court has the authority and power to reform a judgment and sentence to reflect what the record demonstrated actually took place.

But, there is more to this cause than the above.

As noted, after being found guilty, the Indictment, less one prior conviction, was read to the appellant and, when questioned by the trial court as to whether it was "true" or "untrue," responded that it was "true." Other than the punishment hearing itself, nothing further occurred regarding the prior conviction. The trial court made no finding concerning the prior conviction and the jury was not requested or instructed to, and they did not. Was this error?

■ Where the state alleges, for enhancement of punishment purposes, a prior conviction, it, of course, has the burden of proof to prove that the prior conviction was a final conviction under law. Here, however, appellant himself, by pleading "True," removed this burden from the state. See *O'Dell v. State*, 467 S.W.2d 444 (Tex.Cr. App.1971); *Latta v. State*, 507 S.W.2d 232 (Tex.Cr.App.1974); *Dinn v. State*, Tex.Cr. App., 570 S.W.2d 910, 915; and *Graham v. State*, Tex.Cr.App., 546 S.W.2d 605, for the rule that an accused, having entered a plea of "true" to an enhancement paragraph of the indictment, cannot be heard to complain that the evidence is insufficient to support same. In fact, if an indictment contains two enhancement allegations and the accused pleads "true" to the allegations concerning the prior convictions, the punishment is absolutely fixed by law at life imprisonment.[7] Even though the accused has requested the jury to assess punishment, it is permissible for the trial court to then and there dismiss the jury and assess the automatic punishment provided by law. "The jury has no choice in imposing punishment if it finds the appellant guilty and that he has been [twice] previously convicted." "Thus if the accused stipulates the prior convictions, that issue is resolved." See *Zaragosa v. State*, Tex.Cr.App., 516 S.W.2d 685, 686. The punishment, in that instance, is mandatory. Appellant here could have, if he had chosen to do so, required the state to prove the prior conviction alleged by pleading "Not True" or "Untrue" or "Not Guilty." However, in this cause, he chose not to do so by admitting "True," when asked if the former conviction was "true" or "untrue." See also *Hasley v. State*, 442 S.W.2d 739 (Tex.Cr.App.1969). Of course, the proper plea to this historical fact is either "true" or "not true." See *Hathorne v. State*, 459 S.W.2d 826 (Tex.Cr.App.1970), Certiorari Denied, 402 U.S. 914, 91 S.Ct. 1398, 28 L.Ed.2d 657 (1971), and we recommend trial courts use the correct terminology, as was done here.

---

7. See V.A.P.C., Sec. 12.42(d).

It also appears that, as a matter of law, it is unnecessary to admonish an accused who pleads "true" or "guilty" to enhancement convictions alleged in the indictment. This is absolutely discretionary with the trial court. The provisions of Art. 26.-13, V.A.C.C.P., are not applicable to such instance. See *Williams v. State*, 504 S.W.2d 477, 484 (Tex.Cr.App.1974), *Crowder v. State*, 424 S.W.2d 637 (Tex.Cr.App.1968). Of course, admonishing an accused who pleads "true" to the consequences thereof is to be commended but the Legislature has not seen fit to require a trial court to admonish an accused who enters a plea of "true" or "guilty" to an alleged prior conviction or convictions and we find no requirement in law demanding this to occur.

Interestingly, in the face of appellant's plea of "true" the State, nevertheless, using one of the methods to prove up a prior conviction, had a "fingerprint" expert, in the form of a deputy sheriff, testify to a comparison of appellant's prints and those found in the penitentiary packet admitted into evidence. Thus, the proof regarding the alleged remaining prior conviction was more than sufficient to establish that appellant had been previously convicted of felony theft.

It is also interesting to note that after the state rested, it was then made known that the trial court had prepared the usual punishment charge, with one prior conviction set forth therein. A discussion between the prosecutor and the trial court then took place regarding deleting reference to the prior conviction to which appellant had pleaded "true," with all agreed there should be no reference to the non-admitted prior conviction and, as noted, none was made in the final charge, although the prosecutor did argue both the admitted and the not admitted conviction to the jury. After the final charge was prepared, the trial court asked defense counsel if he had any objection to the charge and he replied: "No, sir."

From the above and foregoing, we reach the following conclusion. Where one prior conviction is alleged in the indictment for enhancement purposes and the accused chooses to enter a plea of "true" or "guilty" to the allegation at the punishment stage of the trial, then it is permissible for the trial court to charge the jury on punishment as though the primary offense, for which the accused has been convicted, carries the enhancement punishment, as was done here. It is not necessary for the trial court to charge alternatively in that instance, that is, where the accused pleads "true," or "guilty," on the various ranges of punishment for the primary offense, where there is one prior conviction alleged for enhancement. In fact, by the provisions of Sec. 12.42, P.C., this procedure would merely mean that if the accused is convicted of a third degree felony and a prior conviction is alleged and he enters a plea of "true," to that prior conviction, then the punishment charge should be for a second degree felony. If for a second degree felony, then it would be elevated to first degree felony punishment. If for a first degree felony, then it would be elevated to a range of punishment for life or for any term of not more than 99 years or less than 15 years. Of course, if the accused is convicted of a felony and the State alleges two prior convictions against him and he pleads "true" to each, then there is nothing more to do by the trial judge or the jury if one be impaneled than for the trial judge to dismiss the jury and assess punishment in the Texas Department of Corrections for life. However, the final option in this regard lies with the accused for he may plead "true" or "not true" to the enhancement/s allegations.[8]

---

8. If there are two enhancement allegations alleged in the indictment and the accused pleads "true" to one and "not true" to the other, then, of course, it would be necessary for the trial court to charge the jury in alternative fashion on enhanced punishment as the punishment in that instance would not be fixed by law. See

Sec. 12.42, V.A.P.C. However, if the State alleges more than two enhancement allegations in the indictment, and the accused pleads "true" to at least two of the enhancement allegations, then the punishment is fixed at life imprisonment. A wise prosecutor in that instance would then move to dismiss the remain-

We, therefore, reform the judgment in this cause to show that appellant was found guilty of the offense of "Possession of a Controlled Substance, to-wit: Heroin, Second Offender" and we further reform the sentence to show this historical fact.

We further find the omission in the trial court's charge in not charging the jury that they could have additionally assessed a fine of $10,000 to be harmless error. Appellant's Motion for Rehearing is therefore in all things denied.

ROBERTS, ODOM and DALLY, JJ., concur in result.

CLINTON, J., dissents.

ing enhancement allegation/s as any further action regarding the surplus would be an act without meaning and could possibly lead to avenues raising questions about the validity of the punishment assessed.