Affirmed and Memorandum Opinion filed November 17, 2005









Affirmed
and Memorandum Opinion filed November 17, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00404-CR

____________

 

CLYDE WAYNE
THOMPSON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 155th
District Court

Waller County, Texas

Trial Court Cause No. 03-04-11,454

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Clyde Wayne Thompson, pled no
contest to the offense of delivery of a controlled substance, a state jail
felony.  At his plea hearing, appellant
also pled Atrue@ to the six
enhancements included in the notice of enhancement, elevating the offense to a
second degree felony.  After finding
appellant guilty and the enhancements true, the trial court sentenced appellant
to 10 years in the Texas Department of Corrections, Institutional Division.  

In his first through third points of
error, appellant complains the trial court erred in admitting three of his
prior convictions that were included in the notice of enhancement because they
were too remote for impeachment under Rule 609 of the Texas Rules of
Evidence.  Tex. R. Evid. 609.  Rule
609 provides for the admission of a witness= prior conviction
for purposes of impeachment.  Id.  Because appellant=s prior
convictions were admitted for enhancement purposes, not for impeachment, this
complaint is without merit.  Moreover,
appellant has waived this issue by failing to object to the use of the
enhancements on the ground of remoteness. 
Tex. R. App. P. 33.1.  Appellant=s first through
third points of error are overruled.  

In his fourth through ninth points of
error, appellant claims the trial court erred in admitting all six of his prior
convictions included in the notice of enhancement because the State failed to
prove that any of the alleged prior convictions were final before the primary
offense was committed.  By pleading Atrue@ to the enhancements,
however, appellant relieved the State of its burden to prove the prior
convictions were final and cannot complain on appeal that the evidence is not
sufficient to support them.  Harvey v.
State, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981).  Appellant=s fourth through
ninth points of error are overruled.  








In his tenth through fifteenth points of
error, appellant asserts the trial court erred in admitting into evidence the
six prior convictions included in the notice of enhancement because the State
failed to prove he was the person previously convicted.  Again, because appellant pleaded true to the
enhancements, the State has been relieved of the burden of proving appellant=s identity as the
person convicted of the offenses charged in the notice of enhancement.  Chandler v. State, 21 S.W.3d 922, 923
(Tex. App.CHouston [14th Dist.] 2000, no pet.).  Appellant=s tenth through
fifteenth points of error are overruled. 


Accordingly, the judgment of the trial
court is affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed November 17, 2005.

Panel
consists of Justices Yates, Hudson, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).