NUMBER
13-05-214-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

MARK ANTHONY
HUMBLE,                                                            Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                     On appeal from the 24th District
Court

                                        of
Victoria County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Rodriguez and Garza

 

      Opinion by Chief
Justice Valdez








Appellant, Mark Anthony Humble, appeals from his
conviction for aggravated assault, see Tex.
Pen. Code Ann. ' 22.02 (Vernon Supp. 2005), arguing that the trial
court erred in finding the indictment=s enhancement paragraph to be true and accordingly
assigning him a greater range of punishment. 
We affirm.

Background

Humble was charged with aggravated assault.  The indictment against him included the
following paragraph:  Aprior to the commission of the aforesaid offense, on
the 24th day of May, 1991, in cause numbered 87-5-12,751, in the 24th Judicial
District Court of Victoria County Texas, the defendant was convicted of the
felony of Burglary of a Habitation.@  

After a jury found Humble guilty, Humble elected to
have the court assess punishment.  The
trial judge read the indictment aloud, discussed the implications of pleading Atrue@ to the enhancement paragraph with Humble, and
explicitly asked: 

Do you understand that by entering a plea of true,
you may have relieved the burden of the State in proving those elements and the
State then chose not to put on any evidence in the case of that prior
conviction? . . . Understanding that and the change in the range of punishment,
do you then still wish to persist in your plea of true to that enhancement
paragraph?

Humble answered in the affirmative to both
questions, and the judge accepted his plea of true without having the State
provide any further evidence on the prior conviction.

Humble now argues on appeal that the trial court
erred by accepting his plea of true, given that he had not identified the prior
conviction with specificity and that the State failed to provide any evidence
of the prior conviction.  

Enhancement








Allegations of error in an indictment are reviewed
de novo.  See State v. Moff, 154
S.W.3d 599, 601 (Tex. Crim. App. 2004). 
The State has the burden of proof as to the allegations contained in the
enhancement paragraphs of an indictment. 
Spiers v. State, 552 S.W.2d 851, 852 (Tex. Crim. App. 1977).  This includes the burden to show the prior
conviction alleged is a final conviction. 
See id.  

However, a defendant, by pleading "true"
to enhancement allegations, removes the burden from the State to prove that the
prior conviction was a final conviction under the law.  See Harvey v. State, 611 S.W.2d 108, 111
(Tex. Crim. App. 1981); Kent v. State, 879 S.W.2d 80, 83 (Tex. App.BHouston [14th Dist.] 1994, no pet.).  This is because a plea of "true" to
enhancement allegations is different from a plea at the guilt/innocence stage
of the trial.  Wilson v. State,
671 S.W.2d 524, 526 (Tex. Crim. App. 1984). 
A plea of Aguilty@ or Anot guilty@ does not constitute evidence, whereas a plea of
"true@ to an enhancement allegation constitutes sufficient
evidence to support the finality of the prior conviction alleged for
enhancement.  See id. at 526; Skillern
v. State, 890 S.W.2d 849, 882 (Tex. 
App.BAustin 1994, pet. ref'd).  Under such circumstances, an accused cannot
be heard to complain on appeal that the evidence is insufficient.  See Skillern, 890 S.W.2d at 882. The
issue is resolved by the plea.  Harvey,
611 S.W.2d at 111.

Here, the trial court described the specific
enhancement offense, including the cause number and judicial district, from the
indictment, and Humble acknowledged that he was freely pleading Atrue@ to the allegation that he had in fact committed
this offense.  This plea, coupled with
the judicial admonishments establishing the plea=s
veracity, is sufficient to serve as evidence of the enhancement offense.  See Wilson, 671 S.W.2d at 526; Skillern,
809 S.W.2d at 882.  The lack of
additional specificity about the prior offense by Humble and the absence of
additional evidence by the State does not alter the effect of Humble=s plea in providing sufficient evidence.








Humble=s issue is overruled, and we affirm the judgment of
the trial court.        

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do
not publish.

Tex. R. App. P.
47.2(b).

 

 

Memorandum Opinion delivered and filed

this 9th day of February, 2006.