NUMBER
13-05-115-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

RAYMOND GONZALEZ,                                                                   Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                    On appeal from the 347th District
Court

                                        of
Nueces County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Rodriguez and Garza

 

      Opinion by Chief
Justice Valdez

 

 

 








Appellant, Raymond Gonzalez, was sentenced to life
imprisonment in the Texas Department of Criminal Justice after being found
guilty of murder and engaging in organized criminal activity.  On appeal, appellant argues that he was
denied due process of law as guaranteed by the Fifth and Fourteenth
Amendments.  Appellant contends that the
trial court relieved the State of its burden of proving the enhancement
allegations of the State=s indictment beyond a reasonable doubt by
instructing the jury to find the enhancement allegations true after appellant
pleaded true.    We affirm.

I. BACKGROUND

 On April 12,
2002, a jury found appellant guilty of murder and engaging in organized
criminal activity.  Appellant had
previously been convicted of the unauthorized use of a motor vehicle and
aggravated assault, which were presented as enhancement allegations in the
State's indictment.  The jury found the
enhancement allegations to be true and assessed appellant's punishment at life
imprisonment.  This Court affirmed
appellant's conviction but reversed the judgment for error in the punishment
phase based on improper closing arguments made by the State during the
punishment phase of the trial, and we remanded the case for a new trial on
punishment.  See Gonzalez v. State,
115 S.W.3d 278, 286 (Tex. App.BCorpus Christi 2003, pet. ref'd). 

During a new trial on punishment, appellant pleaded Atrue@ to the enhancement paragraphs alleged in the
indictment, i.e., unauthorized use of a motor vehicle and aggravated
assault.  The State presented the same
evidence in support of the enhancement allegations that had been used in the
first trial.  In the punishment charge,
the trial court instructed the jury to find the enhancement allegations true
because appellant had pleaded Atrue@ at the outset of the second trial on
punishment.  Thereafter, the jury
sentenced appellant to life imprisonment. 









II. ENHANCEMENT

The State has the burden of proof as to the
allegations contained in the enhancement paragraphs of an indictment.  Spiers v. State, 552 S.W.2d 851, 852
(Tex. Crim. App. 1977).  This includes
the burden to show the prior conviction alleged is a final conviction.  See id. 
However, a defendant, by pleading Atrue@ to enhancement allegations, removes this burden
from the State.  See Harvey v. State,
611 S.W.2d 108, 111 (Tex. Crim. App. 1981); Kent v. State, 879 S.W.2d
80, 83 (Tex. App.BHouston [14th Dist.] 1994, no pet.).  A plea of Atrue@ to an enhancement allegation is different than a
plea of Aguilty@ or Anot guilty@, as a plea of Aguilty@ or Anot guilty@ does not constitute evidence, while a plea of  Atrue@ constitutes evidence and is sufficient proof to
support the finality of the prior conviction alleged for enhancement.  See Wilson v. State, 671 S.W.2d 524,
526 (Tex. Crim. App. 1984); Skillern v. State, 890 S.W.2d 849, 882 (Tex.
App.BAustin 1994, pet. ref=d).  

During the punishment phase, the indictment, which
contained the enhancement  allegations,
was read into the record.  Appellant
pleaded Atrue@ to the enhancement allegations.[1]  By pleading Atrue@, appellant removed the burden of proof from the
State; therefore, the trial court correctly instructed the jury to find the
enhancement allegations true.  See
Urbano v. State, 808 S.W.2d 519, 523 (Tex. App.BHouston [14th Dist.] 1991, no pet.).  We conclude appellant=s due process rights were not violated by the trial
court=s instructions to the jury.  We overrule appellant=s sole issue. 








III. CONCLUSION

The judgment of the trial court is affirmed.  

 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do
not publish.

Tex. R. App. P.
47.2(b).

 

 

Memorandum Opinion delivered and filed

this 2nd day of March, 2006.











[1] We note that appellant was not
admonished in regards to his plea of Atrue.@ 
However, as a matter of law, it is unnecessary to admonish an accused
who pleads Atrue@ or Aguilty@ to enhancement convictions alleged
in the indictment.  Harvey v. State,
611 S.W.2d 108, 112 (Tex. Crim. App. 1981). 
This is discretionary with the trial court.  Id.