NUMBER 13-09-00180-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI—EDINBURG

____________________________________________________

 

GEORGE
STEVEN KUHEL,                                                         Appellant,

 

v.



 

THE STATE OF TEXAS,                                                               Appellee.

 



 

On appeal from the 24th District Court

of Victoria County, Texas

____________________________________________________

MEMORANDUM OPINION

 

Before Justices Benavides, Vela, and Perkes   

Memorandum Opinion by Justice Perkes  

 

        Appellant, George
Steven Kuhel, was convicted by a jury of engaging in organized criminal
activity;[1]
manufacture or delivery of a substance in Penalty Group One (400 grams or
more);[2]
and possession of certain chemicals with intent to manufacture a controlled
substance.[3] 
The jury assessed appellant’s sentences, respectively, as follows:  Count 1—sixty
years’ confinement in the Institutional Division of the Texas Department of
Criminal Justice and a $ 10,000.00 fine; Count 2—confinement for life in the
Institutional Division of the Texas Department of Criminal Justice and a
$10,000.00 fine; and Count 3—fifty years’ confinement in the Institutional
Division of the Texas Department of Criminal Justice and a $ 10,000.00 fine. 
The sentences were ordered to run concurrently.  By four issues, appellant
challenges the enhancements and sentences imposed upon him.  We affirm.[4]  

I.  Background

            The Victoria County Sheriff’s Office received a 9-1-1 call
complaining about the operation of a methamphetamine lab. The caller complained
about the emission of a strong odor that caused eyes to burn and she expressed
fear and concern for her children.  Appellant was arrested and confessed to
operating a business of manufacturing methamphetamines for profit and for
personal usage.  

            After appellant was found guilty of all three counts, the
prosecutor and appellant’s counsel entered a stipulation that confirmed
appellant’s four prior felony convictions, three of which were from Kansas and
one from Victoria County, Texas.  Appellant did not object to this
stipulation.  After accepting the stipulation, the trial court modified the
court’s charge indicating that the unenhanced options for sentencing were to be
disregarded, leaving only the enhanced paragraphs available for the jury to
consider.  After the jury’s verdict of conviction and sentence, this appeal
ensued.  

II.  Issues
Presented

            By four issues, appellant argues:  (1) the sentences
imposed violate his United States constitutional right to receive a sentence
which is not more than necessary to accomplish all of the objectives of the
Texas Penal Code; (2) he did not properly “stipulate to the veracity” of the
exhibits showing his prior felony convictions, and therefore, the evidence
presented was insufficient; (3) the trial court did not rule on whether the
Kansas convictions contained elements that were substantially similar to Texas
laws or crimes, and therefore, were improper for enhancement purposes; and (4)
the trial court erred by not allowing the jury to determine whether the prior
convictions were proven beyond a reasonable doubt or substantially true.  

III. Analysis

A. 
Appellant’s Prior Felony Convictions

            In his second issue, appellant argues the evidence
presented with respect to his prior convictions was insufficient because he did
not properly stipulate to the veracity of the exhibits used to prove his prior
felony convictions.  In his fourth issue, appellant argues the trial court
erred by not allowing the jury to determine whether the prior convictions were
proven beyond a reasonable doubt or substantially true.  

            In order to prove a defendant
was convicted of a prior offense for enhancement purposes, the State must prove
beyond a reasonable doubt that (1) a prior conviction exists, and (2) the
person identified for the conviction is the defendant.  Flowers v. State, 220
S.W.3d 919, 921–22 (Tex. Crim. App. 2007).  No specific document or mode of
proof is required to prove these two elements, and there is no “best evidence”
rule that requires the fact of a prior conviction to be proven with any
particular document.  Id.  The State may prove the
required elements in a number of different ways, including a defendant's admission
or stipulation.  Id; Bryant v. State, 187 S.W.3d 397, 401
(Tex. Crim. App. 2005).  Evidence of prior convictions is not insufficient merely
because the defendant did not personally join in the stipulations, where the
record shows that the defendant voiced no objection to the stipulations entered
into by his counsel and the counsel for the state.  Genzel v. State, 415
S.W.2d 919, 921–22 (Tex. Crim. App. 1967).  

Stipulations to
the court act as a judicial admission.  Bryant, 187 S.W.3d at 401.  Stipulations
are formal concessions “that have the effect of withdrawing a fact from issue
and dispensing wholly with the need for proof of the fact.”  Id.  The
admonitions of article 26.13 of the Texas Code of Criminal Procedure do not
apply to a stipulation of an enhancement conviction.  See Tex. Code Crim. Proc. art. 26.13 (West
2010); Harvey v. State, 611 S.W.2d 108, 112 (Tex. Crim. App. 1981). 
Once a stipulation is entered into with respect to an enhancement conviction,
the trial court may charge the jury on punishment as though the primary
offense, for which the accused has been convicted, carries the enhancement punishment. 
Id.; see also State v. Allen, 865 S.W.2d 472, 473–74 (Tex. Crim. App.
1993) (citing Harvey, 611 S.W.2d at 111).  


During the
punishment stage of the trial, the following exchange occurred between the
court and counsel:         

MR. TYLER:              Your Honor,
the State would offer State’s Exhibit 106 and 107, which are—the first is a
Certification of Conviction in Kansas for three offenses that were just
mentioned in Cause Number 90 CR849PB, 89CR204PB, and 96CR35G, for the
defendant, George Kuhel, with the stipulation by the defense that this is the
same George Steven Kuhel as the defendant in this case and a Judgment and
Sentence that is…

 

THE COURT:            Hold on just
a second. Do you so stipulate, Mr. Denton?

 

MR. DENTON:          Yes, Your
Honor.

 

MR. TYLER:              Further,
State’s Exhibit 107, which is a Judgment and Sentence in Cause Number 03-5-20,
150-D out of the 377th Judicial District Court of Victoria County,
naming as the defendant, George Kuhel, who is one in the same as the George
Steven Kuhel, the defendant in this case.  And by stipulation they would agree
to the identity.  

 

THE COURT:            So stipulate?

 

MR. DENTON:          Yes, Your
Honor.

 

MR. TYLER:              The State
would offer these exhibits and ask that they be published to the jury . . . 

 

THE COURT:            State’s
Exhibits 106 and 107 are admitted.  Ladies and gentlemen, the stipulation by
the defense as to the veracity of these exhibits allows you to consider them in
your deliberations on punishment   . . . .

 

            Exhibits 106 and 107 are certified copies of documents
which establish the existence of appellant’s prior convictions; the
stipulation, through appellant’s attorney, links appellant to those
convictions.  See Flowers, 220 S.W.3d at 921.  The fact that appellant
did not personally join the stipulation does not render the proof of his prior
convictions insufficient.  Rather, his silence and failure to timely raise an
objection establishes his acquiescence to the enhancements.  See Genzel, 415
S.W.2d at 921–22.  The admission of the certified copies, combined with defense
counsel’s stipulations, wholly dispensed with the need of further proof
regarding the enhancements.  See Bryant, 187 S.W.3d at 402.  As such,
the trial court was permitted to charge the jury on the enhanced ranges of
punishment.  See Harvey, 611 S.W.2d at 111. 

Appellant’s reliance on Washington v.
State is misplaced.  677 S.W.2d 524 (Tex. Crim. App. 1984).  In that case,
the Court of Criminal Appeals held the trial court erred by denying the
defendant a right to have a jury determine whether or not the defendant “should
be classified and punished as a habitual criminal,” where the only
evidence regarding the defendant’s enhancement was his own testimony.  Id. at
527.  The Court of Criminal Appeals, however, further stated that had
Washington pleaded true or stipulated to the enhancements, the trial court’s
actions would have been proper.  Id.  

We hold the evidence was sufficient to
establish appellant’s prior convictions for enhancement purposes.  We also hold
that the trial court did not err by charging the jury on the enhanced ranges of
punishment.  See Allen, 865 S.W.2d at 474; Washington, 677 S.W.2d
at 527; Harvey, 611 S.W.2d at 112.  Appellant’s second and fourth issues
are overruled.

B.  Waiver

            In his first issue, appellant argues that the sentences
imposed violate his constitutional right under the United States Constitution
to receive a sentence which is not more than necessary to accomplish all of the
objectives of the Texas Penal Code.  In his third issue, appellant argues that
the trial court erred by failing to rule on whether the Kansas convictions
which were used to enhance his sentence contained elements that were
substantially similar to Texas laws or crimes.   

            To preserve a complaint for appellate review,
a defendant must have presented a timely request, objection, or motion stating
the specific grounds for the ruling desired to the trial court.  See Tex. R. App. P. 33.1; Martinez v. State, 867
S.W.2d 30, 35 (Tex. Crim. App. 1993).  Almost every right, constitutional and statutory, may be waived by the failure to object. See
Smith v. State,
721 S.W.2d 844, 855 (Tex. Crim. App. 1986).  Issues pertaining to
unconstitutional sentencing must be preserved in the trial court.  Rhodes v.
State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); see also Hill v.
State, No. 13-10-00178-CR, 2011 Tex. App. LEXIS 4804, at *4 (Tex.
App.—Corpus Christi June 23, 2011, no pet.)(mem. op. not designated for
publication).  

            Appellant failed to indicate in
his brief, and we cannot find in the record, where he made any such objections
in the trial court.  See Tex.
R. App. P. 38.1(i).  Appellant’s issues are
being raised for the first time on appeal.  As such, the issues have not been preserved
for review on appeal.  Appellant’s first and third issues are overruled.

IV.  Conclusion

            We affirm the judgment of the trial court.   

 

                                                                                    ______________________________

                                                                                    Gregory T. Perkes

                                                                                    Justice

 

Do not publish.  Tex. R. App. P.
47.2(b).

Delivered and filed the   

25th day of August, 2011. 









 

[1] Tex. Pen. Code Ann.
§§ 71.02(a) (West 2010); 12.42(c)(1) (West 2003) (first degree felony, enhanced
to repeat felony offender).

 





[2] Tex. Health & Safety Code Ann. § 481.112(a) & (f) (West 2010) (first degree
felony, with special punishment). Methamphetamine
is in Penalty Group One.  Tex. Health
& Safety Code Ann.            § 481.102 (West 2010).





 

[3] Tex. Health & Safety Code Ann. § 481.124(d)(1) (West 2010); Tex. Pen. Code Ann. § 12.42(b) (West
2003) (second degree felony, enhanced to first degree felony).

 





[4] Appellant’s counsel filed a motion to withdraw as counsel, which was
carried with the case.  We abated and remanded the case for the trial court to
consider.  After appellant’s counsel informed the trial court that he would be
able to continue work on the case, the trial court entered Order/Findings
wherein it found that appellant’s counsel would be able to provide effective
assistance of counsel for this appeal and that he should be permitted to
withdraw his motion to withdraw as counsel.  Appellant’s counsel thereafter
filed a brief for appellant.  We hereby dismiss, as moot, appellant’s counsel’s
motion to withdraw.