

# NUMBER 13-09-00180-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

**GEORGE STEVEN KUHEL,**                                         **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                         **Appellee.**

_____

**On appeal from the 24th District Court
of Victoria County, Texas**
_____

# MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, George Steven Kuhel, was convicted by a jury of engaging in organized

criminal activity;[1] manufacture or delivery of a substance in Penalty Group One (400 grams

---

[1] TEX. PEN. CODE ANN. §§ 71.02(a) (West 2010); 12.42(c)(1) (West 2003) (first degree felony, enhanced to repeat felony offender).

or more);[2] and possession of certain chemicals with intent to manufacture a controlled substance.[3] The jury assessed appellant's sentences, respectively, as follows: Count 1—sixty years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $ 10,000.00 fine; Count 2—confinement for life in the Institutional Division of the Texas Department of Criminal Justice and a $10,000.00 fine; and Count 3—fifty years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $ 10,000.00 fine. The sentences were ordered to run concurrently. By four issues, appellant challenges the enhancements and sentences imposed upon him. We affirm.[4]

## I. BACKGROUND

The Victoria County Sheriff's Office received a 9-1-1 call complaining about the operation of a methamphetamine lab. The caller complained about the emission of a strong odor that caused eyes to burn and she expressed fear and concern for her children. Appellant was arrested and confessed to operating a business of manufacturing methamphetamines for profit and for personal usage.

After appellant was found guilty of all three counts, the prosecutor and appellant's counsel entered a stipulation that confirmed appellant's four prior felony convictions, three

---

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) & (f) (West 2010) (first degree felony, with special punishment). Methamphetamine is in Penalty Group One. TEX. HEALTH & SAFETY CODE ANN. § 481.102 (West 2010).

[3] TEX. HEALTH & SAFETY CODE ANN. § 481.124(d)(1) (West 2010); TEX. PEN. CODE ANN. § 12.42(b) (West 2003) (second degree felony, enhanced to first degree felony).

[4] Appellant's counsel filed a motion to withdraw as counsel, which was carried with the case. We abated and remanded the case for the trial court to consider. After appellant's counsel informed the trial court that he would be able to continue work on the case, the trial court entered Order/Findings wherein it found that appellant's counsel would be able to provide effective assistance of counsel for this appeal and that he should be permitted to withdraw his motion to withdraw as counsel. Appellant's counsel thereafter filed a brief for appellant. We hereby dismiss, as moot, appellant's counsel's motion to withdraw.

of which were from Kansas and one from Victoria County, Texas. Appellant did not object to this stipulation. After accepting the stipulation, the trial court modified the court's charge indicating that the unenhanced options for sentencing were to be disregarded, leaving only the enhanced paragraphs available for the jury to consider. After the jury's verdict of conviction and sentence, this appeal ensued.

## II. ISSUES PRESENTED

By four issues, appellant argues: (1) the sentences imposed violate his United States constitutional right to receive a sentence which is not more than necessary to accomplish all of the objectives of the Texas Penal Code; (2) he did not properly "stipulate to the veracity" of the exhibits showing his prior felony convictions, and therefore, the evidence presented was insufficient; (3) the trial court did not rule on whether the Kansas convictions contained elements that were substantially similar to Texas laws or crimes, and therefore, were improper for enhancement purposes; and (4) the trial court erred by not allowing the jury to determine whether the prior convictions were proven beyond a reasonable doubt or substantially true.

## III. ANALYSIS

### A. Appellant's Prior Felony Convictions

In his second issue, appellant argues the evidence presented with respect to his prior convictions was insufficient because he did not properly stipulate to the veracity of the exhibits used to prove his prior felony convictions. In his fourth issue, appellant argues the trial court erred by not allowing the jury to determine whether the prior convictions were proven beyond a reasonable doubt or substantially true.

3

In order to prove a defendant was convicted of a prior offense for enhancement purposes, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the person identified for the conviction is the defendant. *Flowers v. State,* 220 S.W.3d 919, 921–22 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements, and there is no "best evidence" rule that requires the fact of a prior conviction to be proven with any particular document. *Id.* The State may prove the required elements in a number of different ways, including a defendant's admission or stipulation. *Id*; *Bryant v. State,* 187 S.W.3d 397, 401 (Tex. Crim. App. 2005). Evidence of prior convictions is not insufficient merely because the defendant did not personally join in the stipulations, where the record shows that the defendant voiced no objection to the stipulations entered into by his counsel and the counsel for the state. *Genzel v. State,* 415 S.W.2d 919, 921–22 (Tex. Crim. App. 1967).

Stipulations to the court act as a judicial admission. *Bryant,* 187 S.W.3d at 401*.* Stipulations are formal concessions "that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id.* The admonitions of article 26.13 of the Texas Code of Criminal Procedure do not apply to a stipulation of an enhancement conviction. *See* TEX. CODE CRIM. PROC. art. 26.13 (West 2010); *Harvey v. State,* 611 S.W.2d 108, 112 (Tex. Crim. App. 1981). Once a stipulation is entered into with respect to an enhancement conviction, the trial court may charge the jury on punishment as though the primary offense, for which the accused has been convicted, carries the enhancement punishment. *Id.; see also State v. Allen,* 865 S.W.2d 472, 473–74 (Tex. Crim. App. 1993) (citing *Harvey,* 611 S.W.2d at 111).

4

During the punishment stage of the trial, the following exchange occurred between the court and counsel:

MR. TYLER: Your Honor, the State would offer State's Exhibit 106 and 107, which are—the first is a Certification of Conviction in Kansas for three offenses that were just mentioned in Cause Number 90 CR849PB, 89CR204PB, and 96CR35G, for the defendant, George Kuhel, with the stipulation by the defense that this is the same George Steven Kuhel as the defendant in this case and a Judgment and Sentence that is…

THE COURT: Hold on just a second. Do you so stipulate, Mr. Denton?

MR. DENTON: Yes, Your Honor.

MR. TYLER: Further, State's Exhibit 107, which is a Judgment and Sentence in Cause Number 03-5-20, 150-D out of the 377th Judicial District Court of Victoria County, naming as the defendant, George Kuhel, who is one in the same as the George Steven Kuhel, the defendant in this case. And by stipulation they would agree to the identity.

THE COURT: So stipulate?

MR. DENTON: Yes, Your Honor.

MR. TYLER: The State would offer these exhibits and ask that they be published to the jury . . .

THE COURT: State's Exhibits 106 and 107 are admitted. Ladies and gentlemen, the stipulation by the defense as to the veracity of these exhibits allows you to consider them in your deliberations on punishment . . . .

Exhibits 106 and 107 are certified copies of documents which establish the existence of appellant's prior convictions; the stipulation, through appellant's attorney, links appellant to those convictions. *See Flowers,* 220 S.W.3d at 921. The fact that appellant did not personally join the stipulation does not render the proof of his prior convictions insufficient. Rather, his silence and failure to timely raise an objection establishes his

5

acquiescence to the enhancements. *See Genzel,* 415 S.W.2d at 921–22. The admission of the certified copies, combined with defense counsel's stipulations, wholly dispensed with the need of further proof regarding the enhancements. *See Bryant,* 187 S.W.3d at 402. As such, the trial court was permitted to charge the jury on the enhanced ranges of punishment. *See Harvey,* 611 S.W.2d at 111.

Appellant's reliance on *Washington v. State* is misplaced. 677 S.W.2d 524 (Tex. Crim. App. 1984). In that case*,* the Court of Criminal Appeals held the trial court erred by denying the defendant a right to have a jury determine whether or not the defendant "should be classified and punished as a habitual criminal," where the only evidence regarding the defendant's enhancement was his own testimony. *Id.* at 527. The Court of Criminal Appeals, however, further stated that had Washington pleaded true or stipulated to the enhancements, the trial court's actions would have been proper. *Id.*

We hold the evidence was sufficient to establish appellant's prior convictions for enhancement purposes. We also hold that the trial court did not err by charging the jury on the enhanced ranges of punishment. *See Allen,* 865 S.W.2d at 474; *Washington,* 677 S.W.2d at 527; *Harvey,* 611 S.W.2d at 112. Appellant's second and fourth issues are overruled.

## B. Waiver

In his first issue, appellant argues that the sentences imposed violate his constitutional right under the United States Constitution to receive a sentence which is not more than necessary to accomplish all of the objectives of the Texas Penal Code. In his third issue, appellant argues that the trial court erred by failing to rule on whether the

Kansas convictions which were used to enhance his sentence contained elements that were substantially similar to Texas laws or crimes.

To preserve a complaint for appellate review, a defendant must have presented a timely request, objection, or motion stating the specific grounds for the ruling desired to the trial court.  *See* TEX. R. APP. P. 33.1; *Martinez v. State,* 867 S.W.2d 30, 35 (Tex. Crim. App. 1993).  Almost every right, constitutional and statutory, may be waived by the failure to object. *See Smith v. State,* 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).  Issues pertaining to unconstitutional sentencing must be preserved in the trial court.  *Rhodes v. State,* 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *see also Hill v. State*, No. 13-10-00178-CR, 2011 Tex. App. LEXIS 4804, at *4 (Tex. App.—Corpus Christi June 23, 2011, no pet.)(mem. op. not designated for publication).

Appellant failed to indicate in his brief, and we cannot find in the record, where he made any such objections in the trial court.  *See* TEX. R. APP. P. 38.1(i).  Appellant's issues are being raised for the first time on appeal.  As such, the issues have not been preserved for review on appeal.  Appellant's first and third issues are overruled.

### IV.  CONCLUSION

We affirm the judgment of the trial court.

_____
GREGORY T. PERKES
Justice

Do not publish.  TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of August, 2011.

7