**Opinion issued July 7, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00363-CR

———————————

**RUBEN MUNOZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 147th District Court[1]**
**Travis County, Texas**
**Trial Court Case No. D-1-DC-14-201210**

## MEMORANDUM OPINION

---

[1] This appeal, originally filed in the Third Court of Appeals, Austin, Texas, was transferred by the Supreme Court of Texas, pursuant to its docket equalization authority, to the First Court of Appeals, Houston, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) (authorizing transfer of cases).

Appellant, Ruben Munoz, was charged by indictment with felony murder (Count 1) and manslaughter (Count 2). At trial, appellant pleaded guilty to Count 2 and the jury acquitted him of Count 1. At the punishment hearing, appellant pleaded true to an enhancement allegation, and the jury assessed his punishment at twenty-seven years' confinement. In three points of error, appellant contends that (1) the jury had no jurisdiction to sentence him on Count 2 because it did not make a written finding of guilt or, alternatively, the trial court's acceptance of his plea of guilty to Count 2 deprived him of his right to a jury trial; (2) the lack of a written finding of true on the enhancement allegation resulted in a punishment in excess of the permissible range; and (3) the trial court erred by entering a deadly weapon finding in its judgment in the absence of an affirmative deadly weapon finding or verdict of guilty by the jury. We affirm.

## Background

In the early morning hours of March 2, 2014, Sergeant C. Rowland of the Travis County Sheriff's Office was on patrol when appellant drove past him at a high rate of speed. During the course of pursuit, Officer Rowland crested a hill and discovered that the vehicle had crashed. Appellant sustained minor injuries. The passenger, appellant's girlfriend, Micole Medina, died from her injuries at the scene. Appellant was subsequently charged with felony murder and manslaughter.

2

At trial, and in the presence of the jury, appellant pleaded not guilty to Count 1 (felony murder) and guilty to Count 2 (manslaughter). Later at trial, and outside the presence of the jury, appellant waived his right to a jury trial on Count 2 and pleaded guilty to Count 2, and the trial court found him guilty of Count 2. The jury found appellant not guilty on Count 1. Thereafter, the trial court held a sentencing hearing on Count 2. Appellant pleaded true to the enhancement allegation,[2] and the jury assessed his punishment at twenty-seven years' confinement. This appeal followed.

## Discussion

In his first point of error, appellant contends that the jury had no jurisdiction to sentence him on Count 2 because it did not make a written finding of guilt on that count. Alternatively, he argues that the trial court's acceptance of his plea of guilty to Count 2 deprived him of his right to a jury trial.

It is well settled that when a defendant has entered a guilty plea to a felony before the jury, there remains no issue of guilt for the factfinder to determine. *See Fuller v. State*, 253 S.W.3d 220, 227 (Tex. Crim. App. 2008); *see also In re State ex rel. Tharp*, 393 S.W.3d 751, 757 (Tex. Crim. App. 2012) (plea of guilty to jury

---

[2]    Appellant was previously convicted of a drug-related felony offense in Cause No. 2:10CR03414-002JCH, in the United States District Court for the District of New Mexico.

3

eliminates guilt as issue to be determined). A plea of guilty substitutes for a jury verdict of guilt and is itself a conviction. *Fuller*, 253 S.W.3d at 227. Like a jury's verdict, a plea of guilty is conclusive and nothing more is required but to give judgment and sentence. *Id.* "When a defendant pleads guilty to a jury, the jury need not return any verdict of guilty. The case simply proceeds with a unitary punishment hearing." *Id.*; *see State v. Aguilera*, 165 S.W.3d 695, 698 n.6 (Tex. Crim. App. 2005) (finding defendant's plea of guilty to jury made trial unitary proceeding). Because appellant pleaded guilty to Count 2 before the jury, a finding of guilt was not required.

Alternatively, appellant argues that the trial court's acceptance of his subsequent plea of guilty outside the presence of the jury deprived him of his right to a jury trial on Count 2. His argument is without merit. Here, appellant had already pleaded guilty to Count 2 before the jury. Moreover, the record reflects that appellant signed a form explicitly waiving his right to a jury trial as to Count 2. The trial court also addressed appellant's jury trial waiver:

> The Court: And do you understand that by entering this plea you give up certain rights including the right to remain silent, the right to confront, witnesses called against you, as well as a right to a jury trial in this case? Even though the jury is hearing the case as to this count, you've elected to go to them for punishment, but they don't have to consider you of guilt or innocence in this case as to Count No. 2 because you're entering this plea. Do you understand that?

> Defendant: Yes, Your Honor, I understand.

The record shows that the State consented to the waiver of a jury trial as to appellant's guilt on Count 2. *See* TEX. CODE CRIM. PROC. ANN. art. 27.19 (West Supp. 2015) (with exception not applicable here, defendant has right upon entering plea to waive right to jury trial provided waiver is made in person by defendant in writing in open court with consent and approval of court and attorney representing State). In light of the above, appellant was not deprived of his right to a jury trial.

We overrule appellant's first point of error.

In his second point of error, appellant contends that the jury's failure to make a written finding of true to the enhancement allegation resulted in a punishment in excess of the permissible range.

Manslaughter is a second-degree felony punishable by two to twenty years confinement. TEX. PENAL CODE ANN. § 19.04 (West 2011). The law requires that a defendant who has been convicted of a second-degree felony "shall be punished for a first-degree felony" if it is shown that he has been previously convicted of a felony. *Id.* § 12.42(b) (West Supp. 2015).

Prior to trial, the State filed its notice of intent to seek enhancement with a prior felony conviction. During the punishment phase, the enhancement allegation was read and appellant pleaded true to the allegation in the presence of the jury, enhancing the punishment range from a second-degree felony to a first-degree felony. The court's charge on punishment stated

[F]or enhancement purposes, the defendant has previously been finally convicted on one federal offense. To the enhancement allegation, the defendant has entered a plea of true, and you are instructed that you will find the enhanced allegation is true. The punishment which you may assess is confinement in the Institutional Division of the Texas Department of Criminal Justice for life, or for any tern of not more than 99 years or less than 5 years. In addition, a fine not to exceed $10,000 may be imposed.

The jury assessed appellant's punishment at twenty-seven years' confinement.

In *Harvey v. State*, the Texas Court of Criminal Appeals held that the validity of an enhancement allegation need not be submitted to the jury when there is no dispute concerning its validity. 611 S.W.2d 108, 112 (Tex. Crim. App. 1981) (noting that once defendant pleads true to enhancement allegation, State is relieved of its burden to prove allegations because plea of true constitutes evidence and sufficient proof to support enhancement allegation). Here, appellant pleaded "true" to the enhancement allegation before the jury, the State admitted the judgment from appellant's prior conviction into evidence without objection, and no party presented evidence questioning the validity of the enhancement allegation. As in *Harvey*, the validity of the enhancement allegation was not in issue. *See id.* Therefore, there was no need for the trial court to submit the undisputed issue to the jury. *See id.* We overrule appellant's second point of error.

In his third point of error, appellant contends that the trial court erred by entering a deadly weapon finding in the judgment on Count 2 in the absence of an affirmative deadly weapon finding or verdict of guilty by the jury.

6

The record reflects that Count 2, as alleged in the indictment, included a deadly weapon finding, and that appellant pleaded guilty to Count 2 before the jury.[3] By pleading guilty to the offense as alleged in the indictment, appellant confessed that he was the same person named in the indictment and that he committed the offense as alleged therein. *See Wilkerson v. State*, 736 S.W.2d 656, 659 (Tex. Crim. App. 1987) (noting that, in felony cases, plea of guilty before jury admits existence of all elements necessary to establish guilt); *Helton v. State*, 886 S.W.2d 465, 466 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). And by properly admonishing appellant and accepting his guilty plea to the indictment, the trial court necessarily determined that appellant used a deadly weapon in the commission of the offense. *See Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005). The trial court was therefore authorized to enter an affirmative deadly weapon finding in the judgment of conviction for Count 2. *See id*; *Aguilar v. State*, Nos. 05–12–00219–CR, 05–12–00220–CR, 2012 WL 4373692, at *1 (Tex. App.—Dallas Sept. 26, 2012, pet. ref'd) (mem. op., not designated for publication) ("Appellant's judicial confession sufficiently supports the deadly weapon finding contained in the judgment."). We overrule appellant's third point of error.

---

[3] The indictment states, "RUBEN MUNOZ, during the commission of said offense, did use and exhibit a deadly weapon, to wit: a motor vehicle."

7

## Reformation of the Judgment

Although appellant pleaded true to the enhancement paragraph, on the judgment for Count 2, the trial court entered "N/A" where it should have noted appellant's plea of true and the trial court's findings of true with respect to the enhancement paragraph. "[A]ppellate court[s] ha[ve] the power to correct and reform a trial court judgment 'to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.'" *Torres v. State*, 391 S.W.3d 179, 185 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd); *see also* TEX. R. APP. P. 43.2(b). Because appellant pleaded true to the enhancement paragraph and because we determine that the trial court found the enhancement paragraphs true, we conclude that we have the necessary evidence to correct the judgment. *See Torres*, 391 S.W.3d at 185. Accordingly, we modify the judgment to reflect that appellant pleaded true to the enhancement paragraph in the indictment and to reflect the trial court's finding of true on the enhancement paragraph.

## Conclusion

We modify the judgment to reflect that appellant pleaded true to the enhancement paragraph and that the trial court found the allegations in the enhancement paragraph to be true. We affirm the judgment as modified.

Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).