**AFFIRMED as MODIFIED and Opinion Filed June 24, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00394-CR

**KHALID LUKMAN WILLIAMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F21-54264-L**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Goldstein

Khalid Lukman Williams appeals his aggravated assault causing bodily injury with a deadly weapon conviction. A jury convicted appellant, and the trial court sentenced him to twenty-five years' confinement. In a single issue, appellant argues his pleas of true to two enhancement paragraphs were involuntary because the trial court failed to admonish him on the range of punishment. In a single cross-issue, the State asks that we reform the judgment to reflect appellant's pleas of true and the trial court's findings on the enhancement paragraphs. As reformed, we affirm the trial court's judgment.

In May 2021, appellant was charged by indictment with aggravated assault with a deadly weapon. The indictment alleged appellant intentionally, knowingly, and recklessly caused bodily injury to the complainant by shooting him with a firearm. The indictment further alleged two enhancements: (1) a March 2011 retaliation conviction and (2) an October 2004 assault of a public servant conviction.

At a pretrial hearing in March 2023, the prosecutor read the indictment, including the two enhancement paragraphs, aloud in appellant's presence. Defense counsel stated that appellant pled not guilty to the charges and asked to proceed to trial. Counsel stated the "last offer was 15 years, which was declined by" appellant. In response to a question from counsel, appellant stated he still wished to decline that offer.

During voir dire, the prosecutor discussed the possibility that the offense could be "enhanceable to that first-degree punishment range" of "[f]ive to 99 or life or even 25 to life" depending on whether there were "prior times a person has been to the penitentiary." Later during voir dire, defense counsel stated that "right now, the punishment range is two to 20" but "if we get to the punishment range" there "may be evidence that leads to a potential life."

At trial, following the jury's guilty verdict, appellant elected to have the trial court assess punishment instead of the jury. The prosecutor read the enhancement paragraphs, and appellant pled true to the two enhancements. The trial court admitted evidence including the judgments from appellant's convictions for

retaliation and assault of a public servant. At the conclusion of the punishment hearing, the trial court assessed punishment at twenty-five years' confinement. This appeal followed.

In a single issue, appellant argues his pleas of true to two enhancement paragraphs were involuntary because the trial court failed to admonish him on the range of punishment. The Texas Code of Criminal Procedure requires a trial court to admonish a defendant in a felony case on the applicable range of punishment before accepting a plea of guilty or nolo contendere; it does not, however, apply to a plea of true to an enhancement paragraph. *See* TEX. CODE CRIM. PROC. art. 26.13(a)(1); *Sylvester v. State*, 615 S.W.2d 734, 736–37 (Tex. Crim. App. [Panel Op.] 1981); *Cobourn v. State*, No. 05-11-00173-CR, 2013 WL 363746, at *1 (Tex. App.—Dallas Jan. 31, 2013, no pet.) (mem. op., not designated for publication). An admonishment on the punishment range for a plea of true is discretionary with the trial court and is not required under Texas law. *Harvey v. State*, 611 S.W.2d 108, 112 (Tex. Crim. App. 1981) (op. on reh'g); *Cobourn*, 2013 WL 363746, at *1.

Appellant pleaded not guilty to the primary offense in this case; therefore, he was not given the admonishments associated with entering a guilty plea. After the jury found him guilty, appellant then pleaded true to the two enhancements. No error resulted from the trial court's failure to admonish appellant with respect to the punishment range associated with his pleas of true, and his pleas were not involuntary. *See Harvey*, 611 S.W.2d at 112; *Cobourn*, 2013 WL 363746, at *1.

Moreover, we note that, after appellant was arraigned, defense counsel informed the trial court appellant rejected a fifteen-year plea agreement. And during voir dire, the prosecutor could be "enhanceable to that first-degree punishment range" of "five to 99 or life or even 25 to life" depending on whether there were "prior times a person has been to the penitentiary," and defense counsel stated that "right now, the punishment range is two to 20" but "if we get to the punishment range" there could be "evidence that leads to a potential life." Thus, the record indicates appellant knew the enhanced range of punishment before pleading true to the enhancement paragraphs. We overrule appellant's sole issue.

In a single cross-issue, the State asks that we reform the judgment to reflect appellant's pleas of true and the trial court's findings on the enhancement paragraphs. The record reflects that, following the jury's guilty verdict, appellant pled true to the two enhancement paragraphs and elected to have the trial court assess punishment. Penal Code Section 12.42(d) provides that an offender convicted of a felony other than an ordinary state jail felony who has two previous, sequential convictions for felonies other than ordinary state jail felonies is subject to a punishment range of 25 to 99 years or life in prison. TEX. PENAL CODE § 12.42(d); *see State v. Kahookele*, 640 S.W.3d 221, 224 (Tex. Crim. App. 2021). The trial court sentenced appellant to twenty-five years' confinement, the minimum sentence in such a circumstance. *See id.* Thus, the record further indicates that the trial court found the enhancements true and sentenced appellant accordingly. The judgment,

–4–

however, states "N/A" beside the headings "Plea to 1st Enhancement Paragraph," "Plea to 2nd Enhancement Paragraph," "Findings on 1st Enhancement Paragraph," and "Findings on 2nd Enhancement Paragraph."

This Court "has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *accord Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd); *see also* TEX. R. APP. P. 43.2(b) (court of appeals may "modify the trial court's judgment and affirm it as modified").

When the trial court alone assesses a defendant's punishment, the court is not required to read the enhancement paragraphs or the findings to the defendant. *Burton v. State*, No. 05-18-00608-CR, 2019 WL 3543580, at *6 (Tex. App.—Dallas Aug. 5, 2019, no pet.) (mem. op., not designated for publication); *Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd).

We have the necessary information in the record to modify the judgment to reflect pleas and findings of true on both enhancement paragraphs. We therefore modify the judgment to read "TRUE" beside the headings "Plea to 1st Enhancement Paragraph," "Plea to 2nd Enhancement Paragraph," "Findings on 1st Enhancement Paragraph," and "Findings on 2nd Enhancement Paragraph." We sustain the State's cross-issue.

As reformed, we affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

230394F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KHALID LUKMAN WILLIAMS,
Appellant

No. 05-23-00394-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 5, Dallas County, Texas
Trial Court Cause No. F21-54264-L.
Opinion delivered by Justice
Goldstein. Justices Reichek and
Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

"N/A" is deleted and the word "TRUE" is inserted beside the
headings "Plea to 1st Enhancement Paragraph," "Plea to 2nd
Enhancement Paragraph," "Findings on 1st Enhancement Paragraph,"
and "Findings on 2nd Enhancement Paragraph."

As **REFORMED**, the judgment is **AFFIRMED**.


Judgment entered June 24, 2024