ACCEPTED
13-14-00692-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
6/15/2015 10:27:08 AM
CECILE FOY GSANGER
CLERK

## No. 13-14-692-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
6/15/2015 10:27:08 AM
CECILE FOY GSANGER
Clerk

# JOHN KIRBY,
# APPELLANT,

### v.

# THE STATE OF TEXAS,
# APPELLEE.

## ON APPEAL FROM THE 319TH DISTRICT COURT
## NUECES COUNTY, TEXAS

## BRIEF FOR THE STATE

Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@co.nueces.tx.us

Attorney for Appellee

## ORAL ARGUMENT IS REQUESTED

# TABLE OF CONTENTS

INDEX OF AUTHORITIES......................................................................ii

SUMMARY OF THE ARGUMENT ....................................................... 1

ARGUMENT .......................................................................................... 2

**Reply Point No 1**
**Kirby has failed to prove that his trial attorney rendered ineffective assistance of counsel by misadvising him concerning the possibility of probation, or that any such advice caused Kirby to plead guilty.**............. 2

    **I. Statement of Facts.**.................................................................... 2
        *A. Cause No. 13-CR-1711-G (Appellate # 13-14-00692-CR).* .. 2
        *B. Cause No. 14-CR-2951-G (Appellate # 13-14-00691-CR).* .. 3
        *C. Consolidated Plea Hearing.* ...................................................... 3

    **II. Ineffective Assistance on a Plea.**................................................. 4
        *A. Deficient Performance.* ........................................................... 4
        *B. Prejudice.* ................................................................................. 6

**Reply Point No 2**
**Kirby has failed to prove a conflict of interest by virtue of his trial attorney acting as his bondsman, nor has he raised a meritorious constitutional challenge, under the Sixth Amendment right to effective assistance of counsel, to the statute allowing his attorney to act as bondsman.**...................................................................................................... 7

    **I. Statement of Facts.**.................................................................... 7
    **II. Failure to Adequately Brief the Issue.**....................................... 8
    **III. Waiver of Constitutional Challenge.**......................................... 9
    **IV. Ineffective Assistance Based on a Conflict of Interest.**............. 9

PRAYER .............................................................................................. 11

RULE 9.4 (i) CERTIFICATION ........................................................... 11

CERTIFICATE OF SERVICE ............................................................... 12

# INDEX OF AUTHORITIES

## Cases

*Akridge v. State*, 13 S.W.3d 808 (Tex. App.—Beaumont 2000, no pet.)... 6, 9

*State v. Allen*, 865 S.W.2d 472 (Tex. Crim. App. 1993). .............................. 5

*Belton v. State*, 900 S.W.2d 886 (Tex. App.—El Paso 1995, pet. ref'd). ........ 5

*Blank v. State,* 172 S.W.3d 673 (Tex. App.-San Antonio 2005, no pet.). ....... 5

*Brown v. State,* 974 S.W.2d 289 (Tex. App.-San Antonio 1998, pet. ref'd). 10

*Busby v. State,* 253 S.W.3d 661 (Tex. Crim. App. 2008). .............................. 8

*Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708 (1980). .............................. 9

*Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366 (1985). ............................... 4, 6

*Jackson v. State*, 424 S.W.3d 140 (Tex. App.—Texarkana 2014, pet. ref'd). 8

*Karenev v. State*, 281 S.W.3d 428 (Tex. Crim. App. 2009). ......................... 9

*Linney v. State*, 401 S.W.3d 764 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). ......................................................................................................... 8

*Lucio v. State*, 351 S.W.3d 878 (Tex. Crim. App. 2011). ............................. 8

*Monreal v. State,* 947 S.W.2d 559 (Tex. Crim. App. 1997). ......................... 9

*Ex parte Morrow,* 952 S.W.2d 530 (Tex. Crim. App. 1997). ......................... 9

*Ex Parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012). ............... 4

*Ex parte Niswanger*, 335 S.W.3d 611 (Tex. Crim. App. 2011). .................... 6

*Pollan v. State,* 612 S.W.2d 594 (Tex. Crim. App. 1981). ............................. 5

*Ex parte Reedy*, 282 S.W.3d 492 (Tex. Crim. App. 2009). ............................ 4

## Statutes & Rules

Tex. R. App. P. 38.1.................................................................................. 8

42 Texas Practice, Criminal Practice And Procedure § 29:106 (3d ed.). ....... 9

| JOHN KIRBY, | § | COURT OF APPEALS |
| Appellant, | § | |
| | § | |
| V. | § | FOR THE THIRTEENTH |
| | § | |
| THE STATE OF TEXAS, | § | |
| Appellee. | § | DISTRICT OF TEXAS |

## BRIEF FOR THE STATE

TO THE HONORABLE COURT OF APPEALS:

## SUMMARY OF THE ARGUMENT

*First Issue* – Kirby has failed to present any record evidence to show that his trial attorney misadvised him concerning the range of punishment or that he chose to plead guilty based on misadvice.

*Second Issue* – Kirby failed to adequately brief or prove his complaint concerning an alleged conflict of interest based on his attorney's supposed service as his bondsman.

# ARGUMENT

### Reply Point No 1
**Kirby has failed to prove that his trial attorney rendered ineffective assistance of counsel by misadvising him concerning the possibility of probation, or that any such advice caused Kirby to plead guilty.**

## I. Statement of Facts.

*A. Cause No. 13-CR-1711-G (Appellate # 13-14-00692-CR).*

Kirby was indicted for a DWI committed on May 18, 2013, enhanced to a felony by two prior DWI convictions, and further enhanced to habitual felony offender by two prior felony convictions. (692 CR p. 5)[1]

In his Judicial Confession and Stipulation, filed on November 10, 2014, Kirby pled guilty and judicially confessed to the present DWI, but merely acknowledged that the grand jury "presents that" he had been convicted of the enhancing felonies. However, Kirby also stipulated to the truth of the facts contained in attached exhibits, including the prior convictions in question. (692 CR p. 41)

The judgment reflects a guilty plea and pleas and findings of true to the enhancing convictions. (692 CR p. 213)

---

[1] References to the clerk's records are designated "691" and "692" to distinguish the two separate cases on appeal in Cause Nos. 13-14-00691-CR and 13-14-00692-CR.

*B. Cause No. 14-CR-2951-G (Appellate # 13-14-00691-CR).*

Kirby was indicted for a DWI committed on February 1, 2014, enhanced to a felony by two prior DWI convictions, and further enhanced to habitual felony offender by two prior felony convictions. (691 CR p. 5)

In his Judicial Confession and Stipulation, filed on November 10, 2014, Kirby pled guilty and judicially confessed to the present DWI, but merely acknowledged that the grand jury "presents that" he had been convicted of the enhancing felonies. However, Kirby also stipulated to the truth of the facts contained in attached exhibits, including the prior convictions in question. (691 CR p. 38)

The judgment reflects a guilty plea and pleas and findings of true to the enhancing convictions. (691 CR p. 152)

*C. Consolidated Plea Hearing.*

The trial court initially confirmed that Kirby understood the range of punishment for the enhanced offenses as 25 years to life. (RR vol. 2, pp. 8-9) Kirby then pled guilty to the present DWIs and true to the enhancing DWIs, which raised the present DWI to a felony. (RR vol. 2, pp. 10, 12-13) However, with regard to the punishment enhancements, for burglary and robbery, the trial court mentioned the nature of those two convictions and then asked merely, "[a]nd then

3

you probably did two separate pen trips; is that correct?" to which Kirby answered, "Yes, sir." Kirby never formally pled true to these enhancements. (RR vol. 2, pp. 10-11) The judicial confessions and stipulations for both cases were then offered and entered into evidence without objection. (RR vol. 2, p. 11) The State also offered into evidence, without objection, copies of the enhancing convictions. (RR vol. 2, pp. 14-16) After all of the evidence had been presented, Kirby's attorney argued for probation *before* the trial court made findings of true to the enhancements in question. (RR vol. 2, pp. 35-36 & 39)

## II. Ineffective Assistance on a Plea.

Counsel's advice can provide assistance so ineffective that it renders a guilty plea involuntary. *Ex Parte Moussazadeh*, 361 S.W.3d 684, 688 (Tex. Crim. App. 2012) (*Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366 (1985)).

The defendant must show that his trial counsel's advice with respect to a plea did not fall within the wide range of competence demanded of attorneys in criminal cases, and that, but for his attorney's deficiencies, he would not have accepted the offer but would have insisted on going to trial. *Ex parte Reedy*, 282 S.W.3d 492, 500 (Tex. Crim. App. 2009).

### A. Deficient Performance.

Kirby has failed to offer any proof in the present record that his trial attorney misadvised him concerning the plea or the range of punishment. Affidavits

4

attached to the appellant's brief do not constitute a part of the appellate record, and the reviewing court is precluded from considering them. *Pollan v. State,* 612 S.W.2d 594, 596 (Tex. Crim. App. 1981); *Blank v. State,* 172 S.W.3d 673, 675 n. 1 (Tex. App.-San Antonio 2005, no pet.) (op. on reh'g); *Belton v. State*, 900 S.W.2d 886, 893 (Tex. App.—El Paso 1995, pet. ref'd). Accordingly, Kirby fails to show even the first prong of the test for ineffective assistance of counsel.

However, even if it could be inferred that counsel advised Kirby that he might receive probation, such advice was not necessarily erroneous or inaccurate before the trial court made a finding of true on the punishment enhancements in question.

The Court of Criminal Appeals has stated as follows concerning repeat and habitual felony punishments:

> Once a finding of true as to the enhancement paragraphs has been made, the "punishment is absolutely fixed" by law. Thus, in the instant case, upon finding the two felony enhancement paragraphs of the indictment to be true, the mandatory punishment provisions of Section 12.42(d) came into operation.

*State v. Allen*, 865 S.W.2d 472, 474 (Tex. Crim. App. 1993) (citations omitted).

In the present case, Kirby did not actually plead true to the enhancements, but did stipulate to evidence of the prior convictions. Moreover, whether he pled true to them or not, until the trial court actually made findings of true, it was within the court's power to refuse to make such findings and to punish Kirby only for

5

third-degree felonies, including the possibility of probation. Accordingly, trial counsel's argument, and any inferences about his advice that might flow from that argument, may well have reflected a legally possible outcome and a reasonable trial strategy to seek leniency.

## *B. Prejudice.*

For ineffective assistance claims related to the entering of a guilty plea, the defendant satisfies the prejudice prong by showing a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ex parte Niswanger*, 335 S.W.3d 611, 615 (Tex. Crim. App. 2011) (quoting *Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366 (1985)). Accordingly, the defendant must present evidence that, but for counsel's deficient advice, he would not have pled guilty but would have insisted on going to trial. *See Akridge v. State*, 13 S.W.3d 808, 811 (Tex. App.—Beaumont 2000, no pet.).

As with the first prong, there is no record proof that Kirby's decision to plead guilty was influenced in any way by his trial attorney's advice concerning probation.

Kirby's first issue on appeal should be overruled.

## Reply Point No 2

**Kirby has failed to prove a conflict of interest by virtue of his trial attorney acting as his bondsman, nor has he raised a meritorious constitutional challenge, under the Sixth Amendment right to effective assistance of counsel, to the statute allowing his attorney to act as bondsman.**

## I. Statement of Facts.

In Cause No. 13-CR-1711-G (13-14-692-CR), on March 12, 2014, a few days the indictment was filed, attorney Stephen Giovannini filed a Motion to Substitute Counsel, asserting that both he and attorney J. Esequiel (Zeke) Ramos, Jr., had been employed to represent Kirby, and asking that they be substituted in as counsel of record. (692 CR p. 10) The trial court granted the motion by order signed on March 19, 2014. (692 CR p. 12)

In Cause No. 14-CR-2951-G (13-14-691-CR), on September 29, 2014, a little over one month after the indictment was filed, J.E. Ramos, Jr., filed an appearance as counsel of record for Kirby. (691 CR p. 21)

There is no mention in the clerk's record in either case concerning who actually bonded Kirby out of jail.

At the consolidated plea hearing, attorney Ramos appeared for Kirby on both cases. (RR vol. 2, p. 4) During his discussions with Kirby, the trial court stated, "you have counsel with you today, and I assume that's probably because he

bonded you out," (RR vol. 2, p. 8), but this was neither confirmed nor denied by Kirby or his attorney, Mr. Ramos.

## II. Failure to Adequately Brief the Issue.

Appellant's brief must "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). When the appellant's brief contains no argument or citation to any authority that might support an argument, the point of error is inadequately briefed and presents nothing for review. *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011); *see also Jackson v. State*, 424 S.W.3d 140, 155 (Tex. App.— Texarkana 2014, pet. ref'd); *Linney v. State*, 401 S.W.3d 764, 783 (Tex. App.— Houston [14th Dist.] 2013, pet. ref'd). The reviewing court has no obligation to construct and compose a party's issues, facts, and arguments with appropriate citations to authorities and to the record. *Lucio*, 351 S.W.3d at 896; *Busby v. State,* 253 S.W.3d 661, 673 (Tex. Crim. App. 2008).

Kirby has cited no cases at all to flesh out the nature of his constitutional or other challenge under this point. He merely asserts a conflict and assumes a constitutional or ineffective assistance issue, without briefing the matter or making a complete argument to show error in the judgment. For this reason alone, his issue should be overruled.

### III. Waiver of Constitutional Challenge.

A defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). Accordingly, any constitutional challenge to the statute allowing his attorney to serve as his bondsman as well has not been preserved for review.

### IV. Ineffective Assistance Based on a Conflict of Interest.

In order for a defendant to demonstrate a violation of his right to the reasonably effective assistance of counsel based on a conflict of interest, he must show (1) that defense counsel was actively representing conflicting interests, and (2) that the conflict had an adverse effect on specific instances of counsel's performance. *Ex parte Morrow,* 952 S.W.2d 530, 538 (Tex. Crim. App. 1997) (citing *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708 (1980)); *Akridge v. State*, 13 S.W.3d 808, 809 (Tex. App.—Beaumont 2000, no pet.).

An actual conflict of interest exists when counsel must choose between advancing his client's interest or advancing other interests, including his own, to the disadvantage of the client. *Monreal v. State,* 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). Acting as surety on an appearance bond does not create a *per se* conflict of interest between the attorney and his client. *Akridge*, 13 S.W.3d at 810; *see also* 42 Texas Practice, Criminal Practice And Procedure § 29:106 (3d ed.)

("The fact that counsel acted as the defendant's surety on his pretrial bond, for example, did not show a conflict between counsel's interest as bondsman and the defendant's interest in a fair trial.").

Moreover, even if an actual conflict is established, the defendant must still prove prejudice to establish ineffective assistance of counsel. *Brown v. State,* 974 S.W.2d 289, 292 (Tex. App.-San Antonio 1998, pet. ref'd).

As mentioned above with regard to the first issue on appeal, affidavits attached to the appellant's brief do not constitute a part of the appellate record, and the reviewing court is precluded from considering them. Accordingly, aside from the bare speculation of the trial court at the plea hearing, Kirby has failed to show even that his attorney was his bondsman, much less that any such arrangement caused an actual conflict of interest or prejudice.

Kirby's second issue on appeal should be overruled.

## PRAYER

For the foregoing reasons, the State respectfully requests that the judgment of the trial court be affirmed.

Respectfully submitted,

/s/ *Douglas K. Norman*
_____
Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@co.nueces.tx.us

## RULE 9.4 (i) CERTIFICATION

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(1), is 1,988.

/s/ *Douglas K. Norman*
_____
Douglas K. Norman

11

**CERTIFICATE OF SERVICE**

This is to certify that a copy of this brief was e-mailed on June 15, 2015, to

Appellant's attorney, Mr. Travis Berry, travisberrylaw@gmail.com.

/s/ *Douglas K. Norman*

_____

Douglas K. Norman